Opinion issued December 11, 2003









In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00877-CR




MARCELLOUS OLIVER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 868697




MEMORANDUM OPINION

          Appellant, Marcellous Oliver, pleaded not guilty to the felony offense of
aggravated sexual assault, but was found guilty by a jury, which assessed punishment
at twenty years in prison. In his sole issue, appellant contends that the evidence is
factually insufficient to sustain the conviction. We affirm. 
Background
          Six friends, Jose, Michelle, Chenda, Sammy, Jesus, and complainant left a party
at approximately 2:30 a.m. and discussed whether to go next to a hotel or to someone’s
house. Jose and complainant disagreed about the plans and left the vehicle in which
the group had been traveling. Jose walked to the home of his stepsister, but
complainant became lost because she was unfamiliar with the area. Complainant
walked for approximately 15 to 20 minutes and then came upon appellant. When
complainant asked to use appellant’s telephone, he told her that she could use the one
at his house. Complainant followed appellant to his residence. Upon arriving at
appellant’s house, appellant grabbed complainant’s arm and “tugged” her inside the
house. Appellant’s house was very dark, and complainant “knew something bad was
about to happen.” When she asked to use appellant’s telephone, he told her to remove
her clothes or “he would kill her.” She became frightened and removed her trousers
and underwear. Appellant then sexually assaulted her by placing his penis in her
vagina. Complainant begged appellant to stop, but he continued to sexually assault
her, telling her “over and over” that he was going to kill her. 
          Meanwhile, Jose received a telephone call from the other friends, who stated
that they could not locate complainant, and they reunited to search for her. While
searching, they heard complainant screaming for help from a house. The house was
appellant’s.
          When Jose and Sammy kicked down the door to the house, they saw appellant
buckling his trousers and heard him saying, “I didn’t do nothing to her.” But
complainant told Jose and Sammy that appellant had raped her and hit her. Appellant
then ran out of the house, chased by Jose and Sammy, who tackled him, and held him
until the police arrived.


 Factual Sufficiency of the Evidence
          In his sole issue, appellant contends that the evidence is factually insufficient
to support his conviction for aggravated sexual assault. When determining a challenge
to the factual sufficiency of the evidence to support a conviction, we review all of the 
evidence neutrally by comparing the evidence that tends to prove the existence of the
elemental fact in dispute with the evidence that tends to disprove that fact. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Jones v. State, 944 S.W.2d 642, 647
(Tex. Crim. App. 1996). Proof of guilt is factually insufficient if the evidence is so
obviously weak as to be clearly wrong and manifestly unjust or if it is greatly
outweighed by contrary proof. Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex. Crim.
App. 2003). The fact finder, however, is the sole judge of the weight and credibility
of witness testimony. Johnson v. State, 23 S.W.3d at 7.
          Appellant contends that the evidence is factually insufficient because (1) it
consisted primarily of testimony of witnesses who were intoxicated or had memory
losses, (2) complainant never identified appellant as her attacker, and (3) no scientific
DNA evidence was introduced.
          Appellant contends that the testimony of complainant and her friends was not
credible because all were intoxicated, and complainant had memory lapses concerning
the time of the assault and the loss of her money. We also note that the jury heard
evidence that appellant had used crack cocaine on the night of the assault. 
Intoxication or impairment of witnesses, however, bears on their credibility, a
determination that is within the exclusive province of the jury. See Cain v. State, 958
S.W.2d 404 (Tex. Crim. App. 1997). The jury was aware of appellant’s use of cocaine
and complainant’s and the remaining witnesses’ intoxication and may well have
considered that factor in determining their credibility.
           Appellant further contends that the evidence is factually insufficient because
complainant herself never identified appellant as her rapist, either at the scene or in
court. This contention ignores, however, the testimony of Houston Police Department
(HPD) Officer Peters, who stated that complainant identified appellant at the scene as
the perpetrator. Furthermore, Jose identified appellant at the scene and in court as the
person who assaulted complainant. Jose testified that complainant and appellant were
the only persons that he observed inside appellant’s house. Moreover, Jose testified
that, when he entered appellant’s house, complainant immediately informed Jose that
appellant had raped her. Jose further testified that complainant was visibly upset and
that appellant was attempting to button his trousers when Jose arrived. Another
witness, Michelle, positively identified appellant as the individual she observed
running out of appellant’s house while being chased by Sammy and Jose. Michelle
stated that appellant’s trousers were “unzipped and unbuckled” as he ran from the
house. HPD Officer Skinner observed Jose tackle appellant and, upon approaching
them, heard Jose yell, “[H]e raped her, he raped her.” Officer Skinner identified
appellant as the individual whom Jose chased and tackled. 
          Proof of identity of the accused may be established by direct or circumstantial
evidence. Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim. App. 1989); McGee v. State,
774 S.W.2d 229, 238 (Tex. Crim. App. 1989). Complainant’s identification of 
appellant as her rapist to Officer Peters and Jose is sufficient direct evidence to
establish appellant’s guilt. However, even if the evidence failed to establish that
complainant herself positively identified appellant, as appellant asserts, the testimony
of Jose, Michelle, and Officer Skinner was sufficient to establish appellant’s identity
as the person who sexually assaulted complainant. 
          Appellant concludes his factual-sufficiency challenge by asserting that the
evidence is factually insufficient because no DNA evidence established appellant’s
guilt. As is well-settled, however, a victim’s testimony is sufficient to support a
conviction for aggravated sexual assault. Garcia v. State, 563 S.W.2d 925, 928 (Tex.
Crim. App. 1978); Sims v State, 84 S.W.3d 768, 774 (Tex. App.—Dallas 2002, pet.
ref’d). 
          We conclude the proof of guilt is not so weak as to be clearly wrong or
manifestly unjust. Furthermore, the proof of guilt is not greatly outweighed by
contrary proof. We hold that the evidence is factually sufficient to support appellant’s
conviction and overrule appellant’s sole issue on appeal.                      
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Elsa Alcala
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).