Opinion issued September 30, 2004 




 




     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00869-CR




MARCOS LARA GUERRA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 937252




MEMORANDUM OPINION

          A jury found appellant, Marcos Lara Guerra, guilty of the offense of capital
murder and, after making a deadly weapon finding, assessed his punishment at
imprisonment for life. In his sole point of error, appellant challenges the factual
sufficiency of the evidence to sustain his conviction. We affirm.
Facts
          On August 5, 2001, Santos Velasquez, the complainant, and Marlen Sosa
parked their car in their apartment complex parking lot around 10:00 p.m. Velasquez
walked to the apartment and Sosa stayed behind to roll up the car windows. As Sosa
made her way to the apartment, a man approached her, grabbed her purse, and ran off.
Sosa screamed, and Velasquez chased the man in the parking lot while Sosa followed
them. Sosa identified appellant as the person who stole her purse.
          Meanwhile, Baldimar Lazo, a resident of the complex and an acquaintance of
Velasquez, was standing in the parking lot with some friends when he saw Velasquez
chasing a man he testified to be the appellant. Lazo testified that the appellant
unsuccessfully tried to start the car. Lazo, who was about 15 feet away from the
driver’s side door, saw Velasquez trying to stop appellant from driving away. When
Velasquez reached for appellant, appellant pulled out a gun and shot Velasquez in the
torso area. Velasquez collapsed to the pavement and died a few moments later while
appellant fled the scene on foot.
          Both Lazo and Sosa provided a description of the suspect to police; both
described the suspect as wearing dark pants, dark boots, a hat, and a long-sleeved
shirt. Lazo and Sosa differed in their description of the color of the suspect’s shirt
and the type of hat he was wearing.
          On the night of the murder, a few blocks from the apartment complex, police
arrested a suspect, not appellant, who was carrying a pistol. The suspect’s picture was
placed in a photo spread, but neither Lazo nor Sosa identified the suspect or any one
else from the photo-spread as the shooter. The suspect also had an alibi; and the
pistol police recovered from the suspect did not match the one that had fired the shell
casing found at the scene of Velasquez’s murder.
          Ten days after the murder, Sosa assisted a forensic artist in creating a sketch
composite of the assailant. A sergeant working with the Houston Police Department
recognized the man in the sketch and provided the investigators with a photograph 
of appellant. Houston Police Officers investigating the case noted the similarities
between the sketch and the photograph and considered appellant a suspect. 
          In March, 2002, more than seven months after the murder, police discovered
that appellant was in custody on an unrelated matter. Appellant was placed in a video
line-up that was shown to both Lazo and Sosa separately; both identified appellant
as the man who killed Velasquez.
          At trial, appellant presented an alibi, Martin Rodriguez testified for the defense. 
He testified that he had known appellant for a long time and that, in June 2001,
appellant told him he was going back to Mexico. From June until November 2001,
Rodriguez received more than ten telephone calls from the appellant; he stated that
his “caller ID” registered these phone calls as “out of area” just as when he receives
calls from his relatives in Mexico. Rodriguez testified that he believed that appellant
made these calls from Mexico, but he conceded that he had no personal knowledge
of appellant’s whereabouts on the date of the murder and no personal knowledge as
to whether appellant was indeed in Mexico from June to November of 2001. Discussion
          In his sole point of error, appellant contends the evidence is factually
insufficient to support his conviction because the two eyewitnesses who identified
him as the perpetrator were not credible, while a credible witness testified he could
not have committed the offense. 
          We review the factual sufficiency of the evidence by reviewing all the evidence
as a whole neutrally, not in the light most favorable to the prosecution. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a factual-sufficiency review, we
may not substitute our own judgment for that of the fact finder. Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996). The Court of Criminal Appeals has
recently stated
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex. Crim. App. Apr. 21, 2004)
(footnote omitted). We must consider the most important evidence that the appellant
claims undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003). 
          Appellant contends that the evidence is factually insufficient because (1) the
two eyewitnesses who identified him as the person who committed the offense
offered significantly different testimonies as to the facts of the case; (2) there was a
substantial lapse of time between the offense and time of identification; (3) there was
no evidence that any of the prints recovered from the vehicle used by the shooter in
an attempt to escape matched appellant’s fingerprints; and (4) a witness testified that
appellant was in Mexico at the time of the offense.
          However, both Lazo and Sosa testified that they could clearly see the
appellant’s face at the time of the murder. They both provided descriptions of the
assailant to police that were very similar. Furthermore, Lazo and Sosa were not
swayed in the surety of their identification by the arrest of an innocent man on the
night of the murder and an array that did not contain appellant’s photo, and they did
not identify any person but appellant as the assailant. Shortly after the crime occurred
and prior to any line-up or photo array, Sosa helped police create a sketch of the
assailant that looked remarkably similar to appellant. Lazo and Sosa separately
identified appellant in a line-up. At trial, both made an in-court identification of
appellant as the assailant and both testified that they were “sure” or “positive” that
appellant was the man who shot and killed Velasquez. Texas courts have held that
the positive identification of a defendant as the perpetrator is alone sufficient to
support a conviction. See Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App.
1978); Ford v. State, 509 S.W.2d 317, 318 (Tex. Crim. App. 1974).
          In addition, Norman Kiesewetter of the Houston Police testified that it would
be possible for a person to touch a vehicle and drive it around without leaving
sufficient prints to be read by the examiner. Thus, the absence of fingerprints in the
truck that would match that of the appellant does not render the facts insufficient for
a conviction.
          Rodriguez’s testimony and the discrepancy in appellant’s clothing description
are also not enough to make the evidence factually insufficient to sustain the
conviction. When there is conflicting evidence, the jury’s verdict on the matter will
generally be regarded as conclusive. See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex.
App.—El Paso 1996, pet. ref’d). A jury decision is not manifestly unjust merely
because the jury resolved conflicting views of evidence in favor of the State. Cain
v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997). Although Rodriguez testified
that he received phone calls from appellant that he believed were made from Mexico,
he conceded that he had no personal knowledge of the appellant’s whereabouts on the
date of the murder. In such situations, what weight to give to contradictory
testimonial evidence is within the sole province of the fact-finder, as it turns on an
evaluation of credibility and demeanor. Id. at 408-09. Thus, the fact-finder was free
to believe or disbelieve all or any part of the testimony of Rodriguez or of the State’s
witnesses.
          After examining all of the evidence neutrally, we hold that the proof of guilt
was not so obviously weak as to undermine confidence in the jury’s determination;
nor was the contrary evidence so strong that the beyond-a-reasonable-doubt standard
could not have been met. We overrule appellant’s sole point of error.  
Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.4.