11th Court of Appeals
Eastland, Texas
Opinion 
 
Edward Mucclan Harris
            Appellant
Vs.                  No. 11-03-00277-CR -- Appeal from Stephens County
State of Texas
            Appellee
 
            The jury convicted Edward Mucclan Harris of the offense of sexual assault and assessed his
punishment at 8 years confinement and a $10,000 fine. We affirm.
            In April 2002, a sexual assault was reported to the Breckenridge Police Department. The
victim was a 19-year-old female who was mentally retarded. The victim identified appellant, a 56-year-old man, as her assailant. The victim would often visit appellant’s home with her friends to
obtain cigarettes. On one such visit, appellant put his hand inside of the victim’s pants and
penetrated her with his hand. Appellant then threatened the victim with a gun. After an
investigation by the police, appellant was charged with sexual assault. Specifically, he was charged
with causing “the penetration of the female sexual organ of [the victim] by defendant’s finger,
without the consent of [the victim].” 
            Appellant first asserts that the evidence was legally insufficient to support a conviction of
sexual assault. Specifically, he argues that the State failed to prove that penetration occurred. In
order to determine if the evidence is legally sufficient, we must review all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex.Cr.App.2000).
            TEX. PEN. CODE ANN. § 22.011 (Vernon Supp. 2004 - 2005) provides in relevant part:
            (a) A person commits an offense if the person:
 
            (1) intentionally or knowingly:
 
            (A) causes the penetration of the anus or
sexual organ of another person by any means, without
that person’s consent.
            The only element of sexual assault that appellant contests is penetration. To prove this
element, the State provided the following testimony of the victim: 
            Q: [D]id you go down to his house one time and did he do something bad to you?

            A: Yes.

            Q: Do you remember that?

            A: Uh-huh.

            Q: Can you – do you remember what he did?

            A: Uh-huh.

            Q: Can you tell the jury what he did?

            A: He put his hand in my pants and –

            Q: Okay. Did you – did you tell him he could do that?

            A: Huh-uh. No.

            Q: Did you tell him not to do that?

            A: Uh-huh.

            Q: Did he do that that time?

            A: Yeah.

            Q: Did he put his hand inside of you?

            A: Uh-huh. Yes, sir.

            Q: And did you tell him no?

            A: Yes, I did. (Emphasis added)

The victim’s testimony, standing alone, is sufficient evidence to prove penetration. Garcia v. State,
563 S.W.2d 925, 928 (Tex.Cr.App.1978). The above testimony also shows that the penetration was
without the victim’s consent. Looking at this evidence in the light most favorable to the verdict, we
hold that it is legally sufficient to prove that appellant sexually assaulted the victim. Point of Error
No. 1 is overruled.
            Appellant next asserts that the evidence was factually insufficient to support a conviction of
sexual assault. Specifically, he argues that the State failed to prove that appellant penetrated the
victim with his finger. In order to determine if the evidence is factually sufficient, we must review
all of the evidence in a neutral light and determine whether the evidence supporting guilt is so weak
that the verdict is clearly wrong and manifestly unjust or whether the evidence contrary to the verdict
is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Zuniga
v. State, 144 S.W.3d 477, 481 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618
(Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Cain v. State, 958
S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
            In reviewing the victim’s testimony, we find that, although she never used the word “finger,”
she did testify that appellant used his hand to penetrate her. A reasonable jury could infer that such
penetration necessarily requires use of appellant’s fingers. 
            Appellant argues, however, that there is contrary evidence tending to show that the victim
recanted her testimony and admitted that she made up the story. We disagree. On cross-examination, the victim did testify that she told appellant that one of her friends “made [her] do it” 
This ambiguous phrase, however, does not necessarily mean that the victim was lying. It could
simply mean that she initially did not want to come forward and report the incident to the police. 
Furthermore, the State presented evidence tending to show that the victim would not be capable of
making up such a story. Debra Pleasant, an educational diagnostician, testified that the victim was
mentally retarded and did not have the reasoning ability to fabricate such a lie. B.J. Boyd, one of the
victim’s teachers, testified that the victim could not reason and plan well enough to make up a story
Cheryl Glover, another teacher who knew the victim, agreed with that assessment. In addition, the
victim’s story was corroborated by a police investigation. At most, the victim’s testimony on cross-examination created a conflict in the evidence -- the reconciliation of which is within the exclusive
province of the jury. Mosley v. State, 983 S.W.2d 249, 254 (Tex.Cr.App.1998). We hold that the
evidence is factually sufficient to support the conviction. Point of Error No. 2 is overruled.
            The judgment of the trial court is affirmed. 
 
                                                                                    JIM R. WRIGHT
                                                                                    JUSTICE
 
January 6, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.