Affirmed and Memorandum Opinion filed April 1, 2008








Affirmed and Memorandum Opinion filed April 1, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00286-CR

_______________

 

ADAM RICHARDSON HUNT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1045113

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury convicted Adam Richardson Hunt
of aggravated sexual assault of a child and assessed punishment at life
imprisonment.  On appeal, appellant argues (1) the evidence is legally and
factually insufficient to support his conviction for aggravated sexual assault;
and (2) the trial court erred in admitting inadmissible hearsay evidence during
the punishment phase of the trial.  We affirm.

 

 

 








Background

Appellant lived with K.M., her mother
and K.M=s brother.  Appellant began sexually
abusing K.M. when she was nine years old. After the first incident,  K.M.  made
her first outcry against appellant to her mother; she responded by asking
appellant to apologize to K.M.  Appellant continued to abuse K.M., forcing her
to perform oral, anal, and vaginal sex.  Appellant hit K.M. with his hand, a
belt, or a paddle if she refused to perform sexual acts.  He threatened to kill
K.M. and hurt her mother and brother if she told anyone about the abuse.  

When K.M. was 12 years old, she moved
to live with her biological father.  When K.M. was about 16 years old, she and
her brother stayed with Krystal Hunt, appellant=s ex-wife, and discovered child
pornography on a computer appellant had shared with Krystal at the time.  This
discovery prompted Krystal to ask K.M. and her brother whether appellant had
ever sexually abused them.  At that time, K.M. made the outcry to Krystal which
led to appellant=s prosecution.  At the time of trial, K.M. was 17 years old.

Analysis

Sufficiency of the Evidence

In his first and second issues,
appellant contends that the evidence is legally and factually insufficient to
support his aggravated sexual assault conviction because (1) there is no
physical evidence corroborating K.M.=s testimony that appellant had sexual
intercourse with her; (2) another man, who previously had lived with K.M.=s family, could have committed the
sexual assault; (3) K.M. did not tell her father, teacher, or others about the
abuse; (4)  when K.M. was 14 years old, she hugged appellant during a chance
encounter at a bar even though K.M. claimed she had been scared of appellant;
(5) neither K.M.=s biological parents nor her guardian sought psychiatric
treatment for her; and (6) K.M. claimed she told a friend that appellant had
sexually abused her, but the friend never alerted authorities.








In reviewing legal sufficiency, we
examine the evidence in the light most favorable to the verdict to determine
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App. 2006).  When performing a legal sufficiency review, we may not
re‑evaluate the weight and credibility of the evidence and substitute our
judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999).  We must resolve any inconsistencies in the
testimony in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406
(Tex. Crim. App. 2000).

In reviewing factual sufficiency, we
view all of the evidence in a neutral light to determine whether (1) the
evidence in support of the jury=s verdict, although legally sufficient, is nevertheless so
weak that the jury=s verdict seems clearly wrong and unjust; and (2) in
considering conflicting evidence, the jury=s verdict, although legally
sufficient, is nevertheless against the great weight and preponderance of the
evidence.  Watson v. State, 204 S.W.3d 404, 414‑17 (Tex. Crim.
App. 2006).  We consider all the evidence; we do not intrude upon the jury=s role of assigning credibility and
weight to the evidence. Swearingen v. State, 101 S.W.3d 89, 97 (Tex.
Crim. App. 2003).

Under the law applicable in this
case, a person commits the offense of aggravated sexual assault if the person
intentionally or knowingly causes the sexual organ of a child to contact the
sexual organ of another person, including the actor.  Tex. Penal Code Ann. ' 22.021(a)(1)(B)(iii) (Vernon Supp.
2007).








At trial, K.M. testified that
appellant began sexually abusing her when she was nine years old.  K.M. stated
that appellant would hit her if she did not perform oral, anal, and vaginal
sex.  She specifically described the first time appellant penetrated her
vagina.  She testified that appellant came to her room; woke her up; took off
his shorts and hers; told her that he would teach her something; put his erect
penis into her vagina, causing severe pain that prompted her to scream;
continued penetrating her until she started bleeding; and then told her to
clean up.  K.M. testified that there were many more instances of vaginal sex
after that time.

The jury was in the best position to
evaluate the credibility of the witnesses at trial, and we afford due deference
to the jury=s determinations.  Marshall v. State, 210 S.W.3d 618, 625 (Tex.
Crim. App. 2006), cert. denied, 128 S. Ct. 87 (2007).  Contrary to
appellant=s suggestion, there is no requirement that a victim=s testimony be corroborated by
medical or physical evidence.  See Garcia v. State, 563 S.W.2d 925, 928
(Tex. Crim. App. 1978).  The testimony of a child victim alone is sufficient to
support a conviction for aggravated sexual assault.  Perez v. State, 113
S.W.3d 819, 838 (Tex. App.CAustin 2003, pet. ref=d); see also Garcia,
563 S.W.2d at 928.

The fact that K.M.=s friend did not alert the police has
no bearing on K.M.=s credibility; nor does appellant=s hypothesis that another man could
have committed the sexual abuse because no evidence points to abuse by another
person.  According to Dr. Thompson, a psychologist, it is not unusual that K.M.
did not tell her father or a teacher about the abuse.  Dr. Thompson testified
that sexually abused children often delay outcry for months, years, and
decades.  Delay of disclosure is common because the child is afraid, blames
herself, and feels ashamed, and because the perpetrator coerces or encourages
the child to keep the abuse a secret. 

Appellant contends that K.M.=s testimony regarding the abuse was
not credible because she would not have hugged appellant when she unexpectedly
encountered him at a bar if he had abused her.  However, Dr. Thompson explained
that children often have a complex relationship with their abusers.  Although
the child hates the abusive aspect, they may feel good about other aspects of
the relationship.  The jury was free to take this testimony into consideration
in weighing K.M.=s testimony and her credibility.  Lastly, the fact that K.M.=s parents and her guardian did not
seek psychiatric treatment for K.M. does not negate the sexual abuse.          








Viewing the evidence in the light
most favorable to the verdict, we find that there was legally sufficient
evidence to support appellant=s conviction for aggravated sexual assault.  Considering all
of the evidence in a neutral light, we find that there was factually sufficient
evidence to support appellant=s conviction for aggravated sexual assault.  

Appellant=s first and second issues are
overruled.

Hearsay

In his third issue, appellant argues
that the trial court erred in admitting testimony from Sergeant Jansky of the
Wharton County Sheriff=s Department about the facts of an extraneous offense at the
punishment phase of trial.  Appellant claims this testimony constituted
hearsay, and that the admission of this hearsay testimony affected his
substantial rights requiring reversal.  We disagree.

We review a trial court=s decision to admit evidence under an
abuse of discretion standard.  Walters v. State, __ S.W.3d __, __ (Tex.
Crim. App. 2007).  A trial court abuses its discretion only when its decision
falls outside the zone of reasonable disagreement.  Id.

Hearsay is a statement, other than
one made by the declarant while testifying at the trial or hearing, offered in
evidence to prove the truth of the matter asserted.  Tex. R. Evid. 801(d).  Hearsay testimony is
generally inadmissible at trial except as provided by statute or a hearsay
exception.  See Tex. R. Evid. 802.

During the punishment phase of the
trial, appellant stipulated to eight prior convictions; these included a felony
conviction for endangering a child.  The State called Sergeant Jansky to
testify regarding the circumstances of this offense, which initially was
investigated and charged as an aggravated sexual assault of a child.  

Appellant reproduces seven pages of
Sergeant Jansky=s testimony in his brief regarding the prior offense, but
fails to identify the specific testimony he is challenging on appeal. 
Nevertheless, we will address each of appellant=s overruled hearsay objections: 








THE STATE: Sergeant, I want to draw
your attention to State=s Exhibit 7, the judgment and sentence for the defendant for
an endangering a child charge.  Are you familiar with this defendant, Adam
Hunt?

WITNESS: Yes, ma=am, I am.

*                                  *                                  *

THE STATE: Are you, in fact, the
officer, the sergeant who did the investigation on that endangering a child
charge?

WITNESS: I am one of the
investigators.

THE STATE: Thank you.  Are you
familiar with the victim in this case, Sarah Calabrese?

WITNESS: Yes, ma=am.

*                                  *                                  *

THE STATE: Who, in fact, was the
victim of that offense?

DEFENSE COUNSEL: If it please the
court, that would be based on hearsay, also, Your Honor.

THE COURT: Overruled.

WITNESS: Sarah Calabrese.

Appellant failed to preserve error,
if any, regarding testimony about the victim=s identity because he did not object
the first time this question was asked by the State.  See Valle v. State,
109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  Any error in the admission of
evidence is cured where the same evidence comes in elsewhere.  Id.

THE STATE: And when did you first
come into contact with Miss Calabrese?

*                                  *                                  *

WITNESS: On August 15th of 2001, . .
. .

*                                  *                                  *

THE STATE: What types of other people
did you arrange for Miss Calabrese to come into contact with?








DEFENSE COUNSEL: If it please the
court, I would object.  It=s not probative in nature.  It would be hearsay, Your Honor.

THE COURT: Overruled.

WITNESS: She was met with Child
Protective Services, as well as my lieutenant over investigations at the time.

The trial court correctly overruled
appellant=s objection because Sergeant Jansky=s statement was not hearsay.  He
identified the persons he arranged for the victim to meet.

THE STATE   :
When the investigation was complete, did you file a charge?

WITNESS: Yes, I did.

THE STATE: And what charge did you
file?

DEFENSE COUNSEL: If it please the
court, I would object.  It would be based on hearsay as to any of his conduct
and what generated that conduct, and it would be speculative on his part, Your
Honor.

THE COURT: Overruled.

WITNESS: Aggravated sexual assault of
a child.

The trial court did not err in
overruling appellant=s hearsay objection because this testimony did not constitute
hearsay.  Sergeant Jansky identified the charge he personally filed.

THE STATE: Was the child cooperative
in that investigation?

WITNESS: Yes, she was.

THE STATE: Was the child=s mother cooperative in that
investigation?

WITNESS: Yes, she was.

THE STATE: The case was eventually
pled to endangering a child.

*                                  *                                  *

THE STATE: And the charge that you
filed, was that based on the representation of facts that you had made to the
judge under oath?

WITNESS: Yes, it was.








DEFENSE COUNSEL: If it please the
court, we would object.  They are trying to bootstrap in what they cannot do
directly, Your Honor.  We would object to any response as to anything that he
told the judge, anything that resulted from that, because it all falls back on
the fact that he has no personal knowledge of anything, Your Honor.  It would
all be based on hearsay.

THE COURT: I=m overruling that.

Sergeant Jansky=s statement that the charge was based
on the representations of fact he made to the judge did not constitute hearsay
and the trial court properly overruled appellant=s objection.  The Sergeant confirmed
that the charge he filed was based on representations he made to the trial
court; he did not state what those representations were. THE STATE: What was
the age of the child that you interviewed?

DEFENSE COUNSEL: If it please the
court, that would be based on hearsay as well, Your Honor.

THE COURT: Overruled on that.

WITNESS: When she was interviewed,
she was 9 years of age.

We agree that Sergeant Jansky=s testimony about the victim=s age was based on hearsay.  The
State must point to a hearsay exception or exemption before the trial court can
admit such testimony, but failed to do so.  Martinez v. State, 178
S.W.3d 806, 815 (Tex. Crim. App. 2005); see also Vinson v. State, __
S.W.3d __, __ (Tex. Crim. App. 2008).  Nor is admission under a hearsay
exception supported by the record before us.








Admission of inadmissible hearsay
constitutes non‑constitutional error.  See Johnson v. State, 967
S.W.2d 410, 417 (Tex. Crim. App. 1998). A non‑constitutional error does
not require reversal of the judgment unless it affected substantial rights by
having a substantial and injurious effect or influence in determining the jury=s verdict.  Rich v. State, 160
S.W.3d 575, 577 (Tex. Crim. App. 2005), Woods v. State, 152 S.W.3d 105,
118-19 (Tex. Crim. App.  2004); see also Tex. R. App. P. 44.2. 
Substantial rights are not affected by the erroneous admission of evidence if,
after examining the record as a whole, we have a fair assurance that the error
did not influence the jury or had only a slight effect. Guevara v. State,
152 S.W.3d 45, 53 (Tex. Crim. App. 2004).  That fair assurance is present in
this case based on this record.

In conducting a harm analysis, we
consider everything in the record, including any testimony or physical evidence
admitted for the jury=s consideration; the nature of the evidence supporting the
verdict; the character of the alleged error and how it might be considered with
other evidence in the case; closing arguments; and whether the State emphasized
the error.  Motilla v. State, 78 S.W.3d 352, 355‑56 (Tex. Crim.
App. 2002).

Applying this analysis, we conclude
that the admission of hearsay testimony about the victim=s age was harmless error.  Appellant
stipulated to his conviction for endangering a child and evidence of this prior
conviction was properly admitted.  See Tex. Code Crim. Proc. Ann. art.
37.07, '3(a)(1) (Vernon Supp. 2007). 
Evidence of this conviction also is admissible as an exception to the hearsay
rule. See Tex. R. Evid. 803(22).

Before hearing that the victim of the
prior offense was nine years old, the jury already had heard that appellant was
initially investigated for and charged with aggravated sexual assault of a
child before pleading guilty to the lesser offense of endangering a child. 
Hearsay testimony about the victim=s precise age was not harmful because
the jury already was aware that appellant=s conduct was directed at a child. 
The jury also was aware that child pornography had been found on a computer
appellant shared with his ex-wife.  

The evidence in this case also
included detailed accounts of the sexual abuse K.M. endured during the years
appellant lived with her family.  K.M. endured death threats and being struck
with a belt and paddle if she did not perform sexual acts.  Appellant=s physical abuse extended to her
brother and mother.  The jury also heard evidence regarding the physical and
psychological effects the abuse had on K.M.  








The evidence confirmed more of
appellant=s abusive and dangerous propensities.  Appellant=s ex-wife, Krystal, testified that
appellant choked her and beat her head against the window sill and bed because
he thought she had an affair; appellant was convicted of assault of a family
member in 2004.  Appellant also stipulated to seven additional prior
convictions, including theft; another assault; possession of a dangerous drug;
unlawful restraint; and telephone harassment.

While in prison for another offense
in 2004, appellant sent letters to his current wife, Rachel.  These letters
were admitted into evidence and provided an additional basis for the jury to
evaluate appellant=s character: 

. . . I was gonna unleash my [d]emons
on the scandalous or [i]nnocent wom[e]n of this town.  Unleash a [c]ity boy
Playa [sic] with a [c]ountry [h]eart.  Grab[b]ing their minds, twisting me
their [h]earts, empty their bank accounts and then smash their fairy tales and
[d]reams by letting them know they ain=t [n]othing to me but Ho=s and they just got fucked, [a]nd
leave.  That night I saw that side of me crawling back into me and why because
one woman hurt me.

*                                  *                                  *

Do you want to dive deeper into my
world or get out while your [sic] in the kiddie pool, the shallow end of the
darkness?  I ask you this with all seriousness Rachel!  I am the [d]evil, your
[m]other warned you about when you were a child!  The greatest trick I=ve ever pulled off was convincing the
world I didn=t exist!

 The jury also heard evidence
regarding appellant=s fourteen disciplinary infractions committed in jail within
one year, including three for assault of another inmate and three for fighting.









Considering the record as a whole C including appellant=s guilty plea to endangering a child;
the detailed evidence of K.M.=s sexual abuse itself; the child pornography found on
appellant=s family computer; the fact that the State did not emphasize the
erroneously admitted evidence and concentrated on the Aheinousness@ of the offense; appellant=s cunning and violent character; the
effect of the abuse on K.M. for the rest of her life; and appellant=s eight prior convictions and
numerous disciplinary infractions C we have a fair assurance that the
admission of a single piece of hearsay testimony regarding the precise age of a
prior child victim was not harmful error.  

Appellant=s third issue is overruled.

Conclusion

The trial court=s judgment is affirmed.

 

 

/s/        William J. Boyce

Justice

 

 

 

Judgment rendered and Memorandum
Opinion filed April 1, 2008.

Panel consists of Chief Justice
Hedges and Justices Anderson and Boyce.

Do not publish C Tex.
R. App. P. 47.2(b).