**Opinion filed August 5, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00041-CR
_____

**ARNOLD P. POWERS, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**

**Tarrant County, Texas**

**Trial Court Cause No. 1076890D**

## MEMORANDUM OPINION

The jury convicted Arnold P. Powers of two counts of aggravated sexual assault of a child and one count of indecency with a child. The jury assessed his punishment at twenty years confinement for each aggravated sexual assault and ten years confinement for the indecency with a child. Pursuant to the jury's recommendation, the imposition of the ten-year sentence was suspended, and appellant was placed on community supervision. We affirm.

*Background Facts*

K.R., the victim in this case, was fourteen years old at the time of trial. Her mother and appellant had worked together. Her mother and appellant also had been involved in a sexual relationship and had a child together. K.R., her brothers, her sister, and her mother visited

appellant's apartment on occasion. One night, appellant asked K.R. if she could babysit his son at his apartment. On the night before she was supposed to babysit, K.R. and her little sister spent the night at appellant's apartment because appellant had to be at work early in the morning. The next day, while K.R. was babysitting, her little sister got a stomach ache and was vomiting. K.R. called her mother and told her that her little sister was sick. Her mother went to appellant's apartment to pick up the kids. Appellant and K.R.'s mother got into an argument on the phone and again when appellant got to the apartment. K.R.'s mother tried to leave with the kids as soon as appellant got there, but appellant talked her into staying. They went into appellant's bedroom. Appellant's son and K.R.'s mother's other children went into the other bedroom to play video games. K.R. was in the living room watching a movie. Appellant came out of the bedroom and told K.R. to go to the kitchen. Appellant had her sit on the kitchen counter and lifted up her shirt and bra. Appellant exposed her breasts and licked and kissed her nipples. Appellant then left and went to check on K.R.'s mother in the bedroom. When he came back, appellant led K.R. to the bathroom. In the bathroom, appellant had K.R. sit on the toilet with her pants down, and he placed two fingers inside of her vagina. Appellant also put his tongue inside K.R.'s vagina. Appellant left the bathroom to go check on K.R.'s mother, and K.R. called 911. While she was talking on the phone with the 911 operator, appellant interrupted and asked who she was talking to. K.R. and appellant fought over the phone, and eventually K.R. let him have it. K.R. went to tell her mother what had happened and that they needed to leave.

The police came to the apartment complex and met with K.R. and her mother. After talking with the police, K.R.'s mother took K.R. to Cook Children's Hospital for a full forensic physical. DNA samples were taken from K.R.'s breasts and vagina.

Appellant was indicted in three counts for intentionally or knowingly causing the penetration of K.R.'s sexual organ by inserting his finger into her female sexual organ, for intentionally or knowingly causing the sexual organ of K.R. to contact the mouth of the defendant, and for intentionally engaging in sexual contact by touching K.R.'s breast with the intent to arouse or gratify his sexual desire. Appellant pleaded not guilty to all three counts and proceeded to a jury trial.

*Issues on Appeal*

Appellant raises four issues on appeal. In his first two issues, he asserts that the evidence is legally and factually insufficient to show that he intentionally or knowingly caused the penetration of K.R.'s female sexual organ by inserting his finger into her female sexual organ. Appellant next asserts that the evidence is factually insufficient to show that he intentionally or

knowingly caused K.R.'s sexual organ to contact his mouth. Finally, appellant asserts that the evidence is factually insufficient to show that he touched K.R.'s breast with the intent to arouse or to gratify his sexual desire.

## Standard of Review

In order to determine if the evidence is legally sufficient, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The factfinder may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

To determine if the evidence is factually sufficient, we review all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, we determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11.

## Aggravated Sexual Assault

A person commits an aggravated sexual assault if he intentionally or knowingly causes the penetration of the sexual organ of a child by any means or causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, and the if child is younger than fourteen years of age. TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i), (iii), 22.021(a)(2)(B) (Vernon Supp. 2009). The statute does not define the terms female sexual organ or penetration. Words not specially defined by the legislature are to be construed according to the fair import of their terms to promote justice and effect the objectives of the code. TEX. PENAL CODE ANN. § 1.05 (Vernon 2009). A jury may interpret these words to have any understood meaning as ordinary usage allows. *See Russell v. State*, 665 S.W.2d 771, 780 (Tex. Crim. App. 1983). The ordinary usage of penetrate means "to enter into." *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). In *Vernon*, the child victim testified that the defendant had touched her with his finger on the outside in the vaginal area. *Id.* at 408-09. Expert

testimony opined that the injury was consistent with penetration of the vagina caused by an object passing within the plane of the sex organ. *Id.* at 409. The Court of Criminal Appeals held:

> [M]ere contact with the outside of an object does not amount to a penetration of it. But pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact. Consequently, it is not ungrammatical to describe [the defendant's] touching of complainant in this case as a penetration.

*Id.*

Appellant argues that his finger did not "penetrate" K.R.'s sexual organ. Appellant does not dispute that he put his finger inside K.R.'s vagina. However, he asserts this action is not penetration of the female sexual organ. Appellant also argues that the evidence is factually insufficient to support the jury's verdict that his mouth came into contact with K.R.'s sexual organ because his DNA was not found on K.R.'s vagina.

K.R. testified that appellant put two fingers inside her vagina. She testified that his fingers went in between the two lips. She further testified that he moved his fingers back and forth. He kept his fingers inside her vagina for a few seconds. K.R. also testified that appellant put his tongue in her vagina in between the two lips. She testified that his tongue moved while inside her vagina and that it was inside for just a few seconds. K.R. testified that appellant kept asking her if she liked the way he was touching her.

Donna Wright testified that she was a pediatric nurse practitioner with a specialization in child sexual abuse. She testified that she performed a full physical exam on K.R. Wright also took DNA samples from K.R.'s breasts and vagina. Wright testified that K.R. told her that appellant's fingers "went in a little in her vagina." K.R. also told her that appellant put his mouth on her vagina and rubbed on her vagina. Wright's expert testimony described the vagina as part of the female sexual organ. She further described all the parts of the female sexual organ, including the labia majora, the labia minora, the hymen, and the vaginal vault. She further testified that, based on her discussion with K.R., she determined that appellant placed his fingers past the labia majora, the outer lips, of K.R.'s female sexual organ. Wright stated that this met the legal definition of penetration.

Constance Patton testified that she is a senior forensic biologist and DNA technical leader for the Tarrant County Medical Examiners Crime Laboratory. She reviewed the results from the DNA tests done on the swabs taken from K.R.'s vagina. She testified that there was only K.R.'s female DNA present on the samples. She further testified that it is difficult to find a male

4

contributor DNA specimen in the vagina because there is so much female DNA present. She concluded that the test did not indicate that there was no male DNA present, only that it was either below the detection threshold or that there was so much female DNA it could not be detected.

K.R.'s and Wright's testimony is sufficient to show that appellant penetrated K.R.'s sexual organ with his fingers and that he caused his mouth to contact her sexual organ. In ordinary usage, penetrate means "to enter into," and the evidence shows that appellant's fingers entered past the front two lips of K.R.'s vagina. Further, K.R.'s testimony is sufficient to show that appellant's mouth came into contact with her sexual organ. The lack of appellant's DNA in K.R.'s vagina does not disprove the victim's testimony. Victim testimony need not be corroborated by medical or physical evidence and rarely is. *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978). The evidence is legally and factually sufficient to support the jury's guilty verdicts of aggravated sexual assault. We overrule appellant's first, second, and third issues on appeal.

*Indecency with a Child*

A person commits indecency with a child if he engages in sexual contact with a child younger than seventeen years of age with the intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.11(a)(1), (2) (Vernon Supp. 2009). Sexual contact means any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child if committed with the intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.11(c)(1) (Vernon Supp. 2009).

K.R. testified that appellant lifted up her shirt and bra and exposed her breasts. K.R. further testified that appellant held her breast like a "C" and licked her nipples. Appellant asked her if it felt good. Wright corroborated K.R.'s testimony by stating that during her physical exam K.R. told her that appellant licked and sucked her breasts.

Patton testified that the DNA sample taken from K.R.'s breasts contained appellant's DNA as a main component of the sample. She further testified that appellant's DNA could have been transferred in other ways besides licking or sucking on K.R.'s breasts as stated in the police report. However, she testified that she cannot tell from the test how appellant's DNA got on K.R.'s breasts.

Appellant argues that his statement made to the police contradicts K.R.'s testimony and explains how his DNA got onto her breasts. In his statement that was admitted into evidence, appellant stated that he came into the kitchen and that K.R. was sitting on the counter eating an

ice cup. She asked him if he wanted some and then put her fingers in his mouth. She then exposed her breasts and rubbed her fingers on her nipples.

We fail to see how appellant's denial of the incident in his statement to the police makes the evidence factually insufficient. K.R.'s testimony shows that appellant engaged in sexual contact with her by holding her breast and licking her nipple. Her testimony is corroborated by the DNA evidence. The jury did not believe appellant's self-serving explanation of how his DNA might have gotten on K.R.'s breast. The jury is the sole judge of the credibility of the witnesses. *Adelman*, 828 S.W.2d at 421. The evidence is factually sufficient to support the jury's guilty verdict of indecency with a child. We overrule appellant's fourth issue on appeal.

*Conclusion*

We affirm the trial court's judgment.


RICK STRANGE

JUSTICE


August 5, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

6