Opinion filed August 5,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00041-CR

                                                    __________

 

                                  ARNOLD
P. POWERS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                            On
Appeal from the Criminal District Court No. 4

 

                                                          Tarrant
County, Texas

 

                                                  Trial
Court Cause No. 1076890D

 



 

                                            M E M O R A N
D U M   O P I N I O N

                                                                              

            The
jury convicted Arnold P. Powers of two counts of aggravated sexual assault of a
child and one count of indecency with a child.  The jury assessed his
punishment at twenty years confinement for each aggravated sexual assault and
ten years confinement for the indecency with a child.  Pursuant to the jury’s
recommendation, the imposition of the ten-year sentence was suspended, and
appellant was placed on community supervision.  We affirm.

Background
Facts

            K.R.,
the victim in this case, was fourteen years old at the time of trial.  Her mother
and appellant had worked together.  Her mother and appellant also had been
involved in a sexual relationship and had a child together.  K.R., her brothers,
her sister, and her mother visited appellant’s apartment on occasion.  One
night, appellant asked  K.R. if she could babysit his son at his apartment.  On
the night before she was supposed to babysit, K.R. and her little sister spent
the night at appellant’s apartment because appellant had to be at work early in
the morning.  The next day, while K.R. was babysitting, her little sister got a
stomach ache and was vomiting.  K.R. called her mother and told her that her
little sister was sick.  Her mother went to appellant’s apartment to pick up
the kids.  Appellant and K.R.’s mother got into an argument on the phone and
again when appellant got to the apartment.  K.R.’s mother tried to leave with
the kids as soon as appellant got there, but appellant talked her into
staying.  They went into appellant’s bedroom.  Appellant’s son and K.R.’s
mother’s other children went into the other bedroom to play video games.  K.R.
was in the living room watching a movie.  Appellant came out of the bedroom and
told K.R. to go to the kitchen.  Appellant had her sit on the kitchen counter
and lifted up her shirt and bra.  Appellant exposed her breasts and licked and
kissed her nipples.  Appellant then left and went to check on K.R.’s mother in
the bedroom.  When he came back, appellant led K.R. to the bathroom.  In the
bathroom, appellant had K.R. sit on the toilet with her pants down, and he
placed two fingers inside of her vagina.  Appellant also put his tongue inside
K.R.’s vagina.   Appellant left the bathroom to go check on K.R.’s mother, and K.R.
called 911.  While she was talking on the phone with the 911 operator,
appellant interrupted and asked who she was talking to.  K.R. and appellant
fought over the phone, and eventually K.R. let him have it.  K.R. went to tell
her mother what had happened and that they needed to leave.

            The
police came to the apartment complex and met with K.R. and her mother.  After
talking with the police, K.R.’s mother took K.R. to Cook Children’s Hospital for
a full forensic physical.  DNA samples were taken from K.R.’s  breasts and
vagina.

            Appellant
was indicted in three counts for intentionally or knowingly causing the
penetration of K.R.’s sexual organ by inserting his finger into her female
sexual organ, for intentionally or knowingly causing the sexual organ of K.R. to
contact the mouth of the defendant, and for intentionally engaging in sexual
contact by touching K.R.’s breast with the intent to arouse or gratify his sexual
desire.  Appellant pleaded not guilty to all three counts and proceeded to a
jury trial.

Issues
on Appeal

            Appellant
raises four issues on appeal.  In his first two issues, he asserts that the
evidence is legally and factually insufficient to show that he intentionally or
knowingly caused the penetration of K.R.’s female sexual organ by inserting his
finger into her female sexual organ.  Appellant next asserts that the evidence
is factually insufficient to show that he intentionally or knowingly caused K.R.’s
sexual organ to contact his mouth.  Finally, appellant asserts that the
evidence is factually insufficient to show that he touched K.R.’s breast with
the intent to arouse or to gratify his sexual desire.

Standard
of Review 

In
order to determine if the evidence is legally sufficient, we review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). 
The factfinder is the sole judge of the credibility of the witnesses and the
weight to be given their testimony.  Adelman v. State, 828 S.W.2d 418,
421 (Tex. Crim. App. 1992).  The factfinder may choose to believe or disbelieve
all or any part of any witness’s testimony.  Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986).

To
determine if the evidence is factually sufficient, we review all of the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  Then, we determine whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at
10-11.

Aggravated Sexual Assault 

A
person commits an aggravated sexual assault if he intentionally or knowingly
causes the penetration of the sexual organ of a child by any means or causes
the sexual organ of a child to contact or penetrate the mouth, anus, or sexual
organ of another person, and the if child is younger than fourteen years of
age.  Tex. Penal Code Ann. §§ 22.021(a)(1)(B)(i),
(iii), 22.021(a)(2)(B) (Vernon Supp. 2009).  The statute does not define the
terms female sexual organ or penetration.  Words not
specially defined by the legislature are to be construed according to the fair
import of their terms to promote justice and effect the objectives of the
code.  Tex. Penal Code Ann. §
1.05 (Vernon 2009).  A jury may interpret these words to have any understood
meaning as ordinary usage allows.  See Russell v. State, 665
S.W.2d 771, 780 (Tex. Crim. App. 1983).  The
ordinary usage of penetrate means “to enter into.”  Vernon v. State, 841
S.W.2d 407, 409 (Tex. Crim. App. 1992).  In Vernon, the child
victim testified that the defendant had touched her with his finger on the
outside in the vaginal area.  Id. at 408-09.  Expert testimony opined
that the injury was consistent with penetration of the vagina caused by an
object passing within the plane of the sex organ.  Id. at 409.  The
Court of Criminal Appeals held:

[M]ere contact with
the outside of an object does not amount to a penetration of it.  But pushing
aside and reaching beneath a natural fold of skin into an area of the body not
usually exposed to view, even in nakedness, is a significant intrusion beyond
mere external contact.  Consequently, it is not ungrammatical to describe [the
defendant’s] touching of complainant in this case as a penetration.

 

Id.

Appellant argues that his finger did
not “penetrate” K.R.’s sexual organ.  Appellant does not dispute that he put
his finger inside K.R.’s vagina.  However, he asserts this action is not
penetration of the female sexual organ.  Appellant also argues that the
evidence is factually insufficient to support the jury’s verdict that his mouth
came into contact with K.R.’s sexual organ because his DNA was not found on K.R.’s
vagina.

K.R.
testified that appellant put two fingers inside her vagina.  She testified that
his fingers went in between the two lips.  She further testified that he moved
his fingers back and forth.  He kept his fingers inside her vagina for a few
seconds.  K.R. also testified that appellant put his tongue in her vagina in
between the two lips.  She testified that his tongue moved while inside her
vagina and that it was inside for just a few seconds.  K.R. testified that
appellant kept asking her if she liked the way he was touching her.

Donna
Wright testified that she was a pediatric nurse practitioner with a specialization
in child sexual abuse.  She testified that she performed a full physical exam
on K.R.  Wright also took DNA samples from K.R.’s breasts and vagina.  Wright
testified that K.R. told her that appellant’s fingers “went in a little in her
vagina.”  K.R. also told her that appellant put his mouth on her vagina and
rubbed on her vagina.  Wright’s expert testimony described the vagina as part
of the female sexual organ.  She further described all the parts of the female
sexual organ, including the labia majora, the labia minora, the hymen, and the vaginal
vault.  She further testified that, based on her discussion with K.R., she
determined that appellant placed his fingers past the labia majora, the outer
lips, of K.R.’s female sexual organ.  Wright stated that this met the legal definition
of penetration.

Constance
Patton testified that she is a senior forensic biologist and DNA technical
leader for the Tarrant County Medical Examiners Crime Laboratory.  She reviewed
the results from the DNA tests done on the swabs taken from K.R.’s vagina.  She
testified that there was only K.R.’s female DNA present on the samples.  She
further testified that it is difficult to find a male contributor DNA specimen
in the vagina because there is so much female DNA present.  She concluded that the
test did not indicate that there was no male DNA present, only that it was
either below the detection threshold or that there was so much female DNA it
could not be detected.

K.R.’s
and Wright’s testimony is sufficient to show that appellant penetrated K.R.’s
sexual organ with his fingers and that he caused his mouth to contact her
sexual organ.  In ordinary usage, penetrate means “to enter into,” and the
evidence shows that appellant’s fingers entered past the front two lips of
K.R.’s vagina.  Further, K.R.’s testimony is sufficient to show that
appellant’s mouth came into contact with her sexual organ.  The lack of appellant’s
DNA in K.R.’s vagina does not disprove the victim’s testimony.  Victim
testimony need not be corroborated by medical or physical evidence and rarely
is.  Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978).  The
evidence is legally and factually sufficient to support the jury’s guilty verdicts
of aggravated sexual assault.  We overrule appellant’s first, second, and third
issues on appeal.

Indecency
with a Child

A
person commits indecency with a child if he engages in sexual contact with a
child younger than seventeen years of age with the intent to arouse or gratify
the sexual desire of any person.  Tex.
Penal Code Ann. § 21.11(a)(1), (2) (Vernon Supp. 2009).  Sexual contact
means any touching by a person, including touching through clothing, of the
anus, breast, or any part of the genitals of a child if committed with the
intent to arouse or gratify the sexual desire of any person.  Tex. Penal Code Ann. § 21.11(c)(1)
(Vernon Supp. 2009).

K.R.
testified that appellant lifted up her shirt and bra and exposed her breasts. 
K.R. further testified that appellant held her breast like a “C” and licked her
nipples.  Appellant asked her if it felt good.  Wright corroborated K.R.’s
testimony by stating that during her physical exam K.R. told her that appellant
licked and sucked her breasts.

Patton
testified that the DNA sample taken from K.R.’s breasts contained appellant’s
DNA as a main component of the sample.  She further testified that appellant’s DNA
could have been transferred in other ways besides licking or sucking on K.R.’s
breasts as stated in the police report.  However, she testified that she cannot
tell from the test how appellant’s DNA got on K.R.’s breasts.

Appellant
argues that his statement made to the police contradicts K.R.’s testimony and
explains how his DNA got onto her breasts.  In his statement that was admitted
into evidence, appellant stated that he came into the kitchen and that K.R. was
sitting on the counter eating an ice cup.  She asked him if he wanted some and
then put her fingers in his mouth.  She then exposed her breasts and rubbed her
fingers on her nipples.

We
fail to see how appellant’s denial of the incident in his statement to the
police makes the evidence factually insufficient.  K.R.’s testimony shows that
appellant engaged in sexual contact with her by holding her breast and licking
her nipple.  Her testimony is corroborated by the DNA evidence.  The jury did
not believe appellant’s self-serving explanation of how his DNA might have
gotten on K.R.’s breast.  The jury is the sole judge of the credibility of the
witnesses.  Adelman, 828 S.W.2d at 421.  The evidence is factually
sufficient to support the jury’s guilty verdict of indecency with a child.  We
overrule appellant’s fourth issue on appeal. 

Conclusion

We
affirm the trial court’s judgment.

 

 

                                                                                    RICK
STRANGE

                                                                                    JUSTICE

        

August 5, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.