Guadalupe GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 54179.

Court of Criminal Appeals of Texas, Panel No. 1.

April 5, 1978.

Rehearing En Banc Denied April 26, 1978.

Charles C. Snuggs, Lubbock, court appointed on appeal, for appellant.

Alton R. Griffin, Dist. Atty., and Charles C. Bailey, Asst. Dist. Atty., Lubbock, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for aggravated rape; punishment was assessed at imprisonment for 25 years.

Appellant asserts that: (1) the evidence is insufficient to sustain the conviction; (2) the court abused its discretion in overruling appellant's motion to suppress the prosecutrix' in-court identification of appellant; (3) the court erred in failing to file findings of fact and conclusions of law regarding appellant's motion to suppress; (4) evidence was improperly excluded at the punishment hearing; and (5) the court erred in overruling appellant's motion for a new trial based on jury misconduct.

On January 15, 1974, the prosecutrix, a seventeen-year-old student at Lubbock High School, went to the school parking lot shortly before 2:00 p. m. When she arrived in the parking lot, a gold Chevrolet Camaro driven by a Mexican-American male stopped beside her. He asked the prosecutrix what her name was, and when she ignored him he opened the car door, grabbed the prosecutrix, and pulled her into the car. The man pulled out a gun and told the prosecutrix not to speak or he would kill her. He then drove to a park north of the school where he forced her to undress him as well as herself; he then raped her. She testified that he was holding the gun next to her head during these events. She also testified that his sexual organ penetrated her sexual organ, and that he got "off and on" three times. After the man smoked a cigarette he and the prosecutrix dressed, and he drove her back to school; before departing, he warned her "if I said anything to the police or to anyone that I could be sure not to ever rest again, I'd always have to be looking behind my shoulder because he would be there."

Dr. Arthur R. Howard examined the prosecutrix that afternoon. He found no bruises, scratches or other evidence of bodily trauma, nor did he observe any damage to her clothing. He stated that her vaginal opening was large enough for her to have had intercourse, but that there was no evidence of recurrent intercourse. Dr. Howard found no sperm, the absence of which he testified might be attributable to the prosecutrix having washed herself at school prior to the examination. She testified that she washed the exterior of her vagina, but did not wash internally. On cross-examination, Howard testified that he found no objective scientific evidence that the prosecutrix had been raped.

On the day following the offense a Mexican-American male was observed driving a gold Chevrolet Camaro near Lubbock High School. A check of the license number of the car revealed that it was registered in the name of appellant, who subsequently was arrested. No gun was recovered.

The prosecutrix was taken to the Lubbock police station on the day of the offense and shown approximately 300 photographs of men, including appellant and his two brothers. She stated that she was unable to identify her assailant. The next day she viewed a police lineup consisting of appellant and four other men. All of the participants in the lineup were required to roll up their sleeves and exhibit any tatoos on their arms and to show their belts and belt buckles. The prosecutrix again stated that she could not identify the man who attacked her. Detective Mike Cooper of the Lubbock Police Department then took the prosecutrix into his office and asked "You really did recognize him, didn't you?" The prosecutrix said that she had recognized her assailant at the lineup but had been scared to identify him. She then identified the appellant.

In cross-examining Cooper, appellant brought out that, according to an offense report filed by Cooper, the prosecutrix on the day of the offense had described her attacker as five feet, eight inches tall with shoulder-length, wavy black hair and a tattoo on his upper left arm. Cooper testified that the prosecutrix told him her assailant

had a tattoo on his right arm, and that the offense report should have so stated.

Denise Blackman, a friend of the prosecutrix, testified that she saw the prosecutrix in a Chevrolet Camaro being driven away from the parking lot of Lubbock High School shortly before 2:00 p. m. on January 15, 1974. The witness testified that she was able to get a look at the driver of the car but did not see him in the courtroom at the trial.

■ Appellant contends that the court erred in overruling his motion for a directed verdict because the evidence was insufficient to prove appellant's guilt beyond a reasonable doubt. He first argues that the evidence is insufficient to show penetration. The prosecutrix testified that appellant's sexual organ penetrated her sexual organ. Her testimony, standing alone, is sufficient evidence of penetration. *Watson v. State*, 548 S.W.2d 676 (Tex.Cr.App.1977); *Harris v. State*, 473 S.W.2d 37 (Tex.Cr.App.1971); *Faulkner v. State*, 390 S.W.2d 754 (Tex.Cr. App.1965). Appellant also argues that if the offense of rape was shown to have been committed, there is no evidence that he was the guilty party. The prosecutrix' identification of appellant as the man who raped her is sufficient. See *Ward v. State*, 505 S.W.2d 832 (Tex.Cr.App.1974); *Lee v. State*, 455 S.W.2d 316 (Tex.Cr.App.1970); *Giddings v. State*, 438 S.W.2d 805 (Tex.Cr. App.1969).

■ Appellant asserts that the identification procedures which were used were so unnecessarily suggestive and conducive to irreparable mistaken identification as to taint the prosecutrix' in-court identification of appellant, and that the court abused its discretion in permitting the in-court identification. The factors to be considered in determining the origin of an in-court identification are as follow: (1) the prior opportunity to observe the alleged criminal act; (2) the existence of any discrepancy between any pre-lineup identification and the defendant's actual description; (3) any

identification of another person prior to the lineup; (4) the identification by picture of the defendant prior to the lineup; (5) failure to identify the defendant on prior occasions; and (6) the lapse of time between the alleged act and the lineup identification. *Thompson v. State*, 480 S.W.2d 624 (Tex.Cr. App.1972).

The offense occurred outdoors in mid-afternoon, and the rapist sat and smoked a cigarette and talked with the prosecutrix following the act; she had ample opportunity to observe her attacker. The prosecutrix never identified anyone other than appellant. She was shown photos of possible suspects on the day the offense occurred and viewed the lineup the following day, so the time which elapsed between the offense and the prosecutrix' identification of appellant was negligible. Appellant's contention is based on discrepancies between the pre-lineup description given by the prosecutrix as reflected in the offense report and the prosecutrix' failure to identify appellant when she was shown a photo of him and when she initially viewed the lineup.

■ Specifically, appellant points to the offense report prepared by Cooper which shows that the prosecutrix stated that her attacker was five feet, eight inches tall and had shoulder-length, wavy black hair. It was shown at trial that appellant was over six feet tall and that his hair was collar-length. These discrepancies, when considered with all of the evidence, are relatively minor. Moreover, when the prosecutrix was cross-examined regarding whether she described the appellant as having shoulder-length or collar-length hair, she stated, "No difference to me, it's long or short length—." That the prosecutrix failed to identify a photograph of appellant and failed to identify him when she initially viewed him in the lineup affects only the weight and not the admissibility of her testimony. *Clemons v. State*, 505 S.W.2d 582 (Tex.Cr.App.1974); *Cunningham v. State*, 500 S.W.2d 820 (Tex.Cr.App.1973).

In support of his contention that the lineup was conducive to irreparable mistaken

identification appellant points to the testimony of Reyes Chavez Gonzales, a jail inmate who participated in the lineup. Gonzales testified that during the lineup he heard a policeman say that "the girl couldn't identify Gaudalupe" but "the father of the girl was trying to convince her to press charges against him." Appellant testified at the hearing on the motion to suppress that he had been in a lineup for an armed robbery prior to the lineup in the instant case. Appellant said that following the first lineup, at which he was not identified, Cooper told him, "Well, it looks like you got away again. I'm still not sure, I'm going to see if I can file a rape charge on you." Cooper denied making this statement, and both Cooper and the prosecutrix denied that her father influenced her identification of appellant. Appellant cannot successfully complain on appeal that contested fact issues were resolved against him.

█ Appellant also attacks the lineup procedure because the appellant was several inches taller than the other participants in the lineup. All of the participants were Mexican-American males with dark hair. Three of them, including appellant, had mustaches; at least four, including appellant, had tatoos on their arms. That appellant was taller than the others in the lineup does not, by itself, render the lineup impermissibly suggestive. *Brown v. State*, 513 S.W.2d 35 (Tex.Cr.App.1974). Moreover, if the prosecutrix did describe her assailant as being five feet, eight inches tall, as Cooper's offense report reflects, then appellant was not prejudiced by the disparity in height. There was no suggestion that the prosecutrix' attention was in any way directed to appellant. We hold that the totality of the circumstances in the instant case was not "so unnecessarily suggestive and conducive to irreparable mistaken identification" that appellant was denied due process under *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

█ Appellant's contention that the court erred in failing to file findings of fact and conclusions of law regarding the lineup confrontation and the subsequent in-court identification is without merit. The court stated at the hearing on the motion to suppress as follows:

"The Court finds, based upon all of the testimony presented here at this hearing on the Defendant's motion to suppress evidence, that the identification made by the witness, D_____ F_____, in this matter is not tainted nor impermissibly suggestive by photographic procedures nor by lineup procedures and that such identification of the Defendant charged herein, Guadalupe Garcia, as made by the witness, D_____ F_____, is material evidence in this case, and it does not suggest any chilling effect upon or against the Constitutional guarantees of the Defendant, Guadalupe Garcia, and it does not give rise to a very substantial likelihood of irreparable misidentification of the Defendant."

While the better practice may be to enter written findings of fact, the failure to do so does not constitute reversible error where the record contains, as it does in the case at bar, sufficient evidence for the court to conclude that the in-court identification was not tainted by suggestiveness but rather was the result of the witness' recollection of the accused. *Pilcher v. State*, 503 S.W.2d 547 (Tex.Cr.App.1974); *Williams v. State*, 477 S.W.2d 885 (Tex.Cr.App.1972).

█ Appellant also contends that the court erred in excluding evidence at the punishment stage of the trial. Appellant perfected a bill of exception which shows that he would have testified that he had a younger brother who was five feet, eight inches tall with shoulder-length hair and tatoos and that this brother had been driving appellant's car and had access to it on the day of the offense. It is appellant's position that this evidence was properly offered to mitigate punishment in that it showed appellant's concern for his brother's welfare and his desire to shield him from criminal charges. We do not agree with

this imaginative proposition. The excluded testimony was not relevant at the hearing on punishment and was properly excluded.

Appellant's final contention is that the court erred in overruling appellant's motion for a new trial based on the jury having received evidence from an outside source. Appellant moved for a mistrial and for a new trial based on the testimony of an attorney who testified that when he walked by the jury room he saw three jurors reading editions of the Lubbock Avalanche-Journal which contained an article on the front page concerning appellant's trial. The article, which is included in the record before us, contains no information that was not adduced in the jury's presence at trial. It was not shown that any juror read the article in question or that the article was discussed during the jury's deliberations. Appellant has not demonstrated that he was prejudiced in any way. See *Brown v. State*, 516 S.W.2d 145 (Tex.Cr.App.1974); *Shelton v. State*, 510 S.W.2d 936 (Tex.Cr.App.1974); *Broussard v. State*, 505 S.W.2d 282 (Tex.Cr.App.1974). The ground of error is overruled.

The judgment is affirmed.