COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-514-CR
 
 
 
SERGIO 
NEVILLE VIERA A/K/A                                                APPELLANT
SERGIO 
N. VIERA
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Sergio 
Neville Viera appeals his convictions for three counts of aggravated sexual 
assault against his stepdaughter.  We will affirm.
        The 
parties are familiar with the facts of this case and the applicable law is 
well-settled.
        In 
his sole point, appellant argues that the evidence is legally insufficient to 
support his convictions because the evidence he presented of erectile 
dysfunction outweighs the victim’s testimony of abuse.  The victim’s 
description of the abuse included vaginal and anal penetration that occurred 
more than ten times per week over several years.  Appellant claims that he 
had only 45 to 75 percent erectile function and was, therefore, incapable of the 
abuse described by the victim.
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 
S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to 
the responsibility of the trier of fact to resolve conflicts in the testimony, 
to weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  
When performing a legal sufficiency review, we may not sit as a thirteenth 
juror, re-evaluating the weight and credibility of the evidence and, thus, 
substituting our judgment for that of the fact finder.  Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000).  A victim’s uncorroborated testimony is sufficient to 
support a conviction for sexual assault.  Tex. Code Crim. Proc. Ann. art. 38.07 
(Vernon Supp. 2004); see Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. 
App. [Panel Op.] 1978) (victim’s testimony is sufficient evidence of 
penetration).
        The 
victim’s description of the sexual assaults included the fact that 
appellant’s penis was erect when he penetrated her.  She described his 
ejaculations with detail and explained that, when she was around twelve years 
old, appellant began using condoms during sex with her.  The jury, as trier 
of fact, was free to believe the victim’s testimony over appellant’s.  
They had the opportunity to observe the witnesses and evaluate their credibility 
before weighing the conflicting evidence.  See Jackson, 443 U.S. at 
319, 99 S. Ct. at 2789.  We hold that a rational fact finder could have 
found from the victim’s testimony that appellant was guilty beyond a 
reasonable doubt of aggravated sexual assault of a child.  See Tex. Code Crim. Proc. Ann. art. 38.07; Garcia, 
563 S.W.2d at 928.  We overrule appellant’s point.
        The 
trial court’s judgment is affirmed.
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 3, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.