Viera v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-514-CR

SERGIO NEVILLE VIERA A/K/A APPELLANT

SERGIO N. VIERA

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Sergio Neville Viera appeals his convictions for three counts of aggravated sexual assault against his stepdaughter.  We will affirm.

The parties are familiar with the facts of this case and the applicable law is well-settled.

In his sole point, appellant argues that the evidence is legally insufficient to support his convictions because the evidence he presented of erectile dysfunction outweighs the victim’s testimony of abuse.  
The victim’s description of the abuse included vaginal and anal penetration that occurred more than ten times per week over several years.  
Appellant claims that he had only 45 to 75 percent erectile function and was, therefore, incapable of the abuse described by the victim.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  A victim’s uncorroborated testimony is sufficient to support a conviction for sexual assault.  
Tex. Code Crim. Proc. Ann.
 art. 38.07 (Vernon Supp. 2004); 
see Garcia v. State
, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978) (victim’s testimony is sufficient evidence of penetration).

The victim’s description of the sexual assaults included the fact that appellant’s penis was erect when he penetrated her.  She described his ejaculations with detail and explained that, when she was around twelve years old, appellant began using condoms during sex with her.  The jury, as trier of fact, was free to believe the victim’s testimony over appellant’s.  They had the opportunity to observe the witnesses and evaluate their credibility before weighing the conflicting evidence.  
See Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  We hold that a rational fact finder could have found from the victim’s testimony that appellant was guilty beyond a reasonable doubt of aggravated sexual assault of a child.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.07; 
Garcia
, 563 S.W.2d at 928. 
 We overrule appellant’s point. 

The trial court’s judgment is affirmed.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: June 3, 2004

FOOTNOTES
1: 
See
 
Tex. R. App. P.
 47.4.