Opinion filed December 16,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00149-CR

                                                    __________

 

                                  DEMETRIUS
HARRIS, Appellant

                                                                 
V.

                                          
STATE OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CR35008

 



 

M
E M O R A N D U M   O P I N I O N

Demetrius
Harris was indicted on four counts of aggravated sexual assault of a child.  
The jury convicted him of four counts of the lesser included offense of sexual
assault of a child and assessed his punishment for each count at two years
confinement and a fine of $1,000.  We affirm.

I.  Background Facts

In
August 2007, Serena Salazar called the Midland Police Department to report that
her daughter, A.P., had been sexually assaulted.  The police investigated and
arrested Harris – A.P.’s stepbrother.

The
sexual assaults allegedly took place in 2002 or 2003.  A.P. was between
thirteen and fifteen years old and was living in a house with her father, her
brother, and her stepmother.   Harris moved into the house and lived there for
several months.  A.P. claimed that, while there, Harris sexually assaulted her
repeatedly.

A.P.
testified that the first assault took place one night while she, Harris, and
her younger brother were watching a movie in the den.  A.P. and Harris were on
the couch, and her younger brother was asleep on the floor.  Harris began to
massage her leg, moving up until he was touching her vagina.  When A.P. tried
to move, Harris got on top of her and penetrated her vagina with his penis.  A
week or two later, A.P. was asleep in her bedroom when she noticed that Harris
was touching her leg.  Harris put his mouth on A.P.’s vagina and then
penetrated her vagina with his penis.  The next incident occurred one night
after she and her friend, J.T., had fallen asleep in the den.  A.P. woke up
when she felt someone touching her and found that Harris had lain down between
the two girls.  She testified that Harris then had sex with her.  The last
incident took place a few months after the first.  A.P. and her brother were
watching television in her father and stepmother’s bedroom when Harris came in
and told her brother to leave.  After A.P.’s brother left, Harris told her to
take off her clothes.  He then penetrated her vagina with his penis.

Harris
moved out of the house approximately two weeks later.  A.P.’s father, Levalgia
Gildon, testified that, a few days after Harris left, he discovered that
something had been going on.  He called Harris to get his side of the story. 
Gildon testified that Harris admitted to having had sex with A.P.

II.  Issues

Harris
argues first that the trial court erred by refusing to allow him to impeach
Gildon with evidence that Gildon was under indictment for aggravated sexual
assault of a child and to introduce evidence that A.P. had previously lied and
committed theft.  Second, Harris contends that the evidence was insufficient to
support his conviction.

III.  Impeachment

A
trial court’s decision to admit or exclude evidence is reviewed for abuse of
discretion.  Billodeau v. State, 277 S.W.3d 34, 39 (Tex. Crim. App.
2009).  We consider the ruling in light of what was before the trial court at
the time the ruling was made and will uphold the trial court’s ruling if it
lies within the zone of reasonable disagreement.  Id.

The
Sixth Amendment to the U.S. Constitution guarantees the right of an accused in
a criminal prosecution to confront the witnesses against him.  Lopez v.
State, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000).   A primary interest
secured by the Confrontation Clause is the right of cross-examination.  Id.
 In weighing whether evidence must be admitted under the Confrontation Clause,
the trial court must balance the probative value of the evidence sought to be
introduced against the risk its admission might entail.  Id. The trial
court maintains broad discretion to impose reasonable limits on
cross-examination to avoid harassment, prejudice, confusion of the issues,
endangering the witness, and the injection of cumulative and collateral
evidence.  Id.    

A
defendant generally may not impeach a witness’s credibility with specific
instances of conduct other than a criminal conviction.  Tex. R. Evid. 608(b).  However, a defendant may use specific
instances of conduct to show bias or interest on the part of the witness. Tex. R. Evid. 613(b); see also
Billodeau, 277 S.W.3d at 43 (to show motive for the victim’s accusation, defendant
was entitled to introduce evidence of victim’s threats to falsely accuse others
of child molestation when angry).  The defendant bears the burden of
demonstrating that the proffered evidence is relevant to the issue of bias or
interest.  Chambers v. State, 866 S.W.2d 9, 26-27 (Tex. Crim. App.
1993).  Evidence is relevant if it has a tendency to make the existence of any
fact that is of consequence to the determination of the action more probable or
less probable than it would be without the evidence.  Tex. R. Evid. 401.

A.  Did the Trial Court Err by Limiting
Harris’s Cross-Examination of Gildon?

Harris
argues that the trial court erred by refusing to allow him to cross-examine
Gildon on the specific charge he was facing.  During the State’s direct examination,
Gildon admitted that he was under indictment for a first degree felony, and he said
that his testimony was not the result of any promise or threat made by the
State.  Harris attempted to establish that Gildon had been indicted for
aggravated sexual assault of a child.  The trial court refused to allow this
line of cross-examination.  The trial court noted that Gildon’s indictment
concerned a different victim and date, and it found that the similarity between
the offense on trial and the offense for which Gildon was indicted risked
misleading or confusing the jury.  It also found that the risk of confusing or
misleading the jury outweighed any probative value of Gildon’s specific charge.

A
defendant is entitled to cross-examine a witness concerning pending criminal
charges that might demonstrate a potential motive, bias, or interest to testify
for the State. Carroll v. State, 916 S.W.2d 494, 498, 500 (Tex. Crim.
App. 1996).  The jury was aware that Gildon was under indictment for a first
degree felony and, thus, was aware that he had a potential motive, bias, or
interest to testify for the State.  See Carroll, 916 S.W.2d at 500. 
Harris has failed to show how the particular offense made more probable the
existence of any motive, bias, or interest.  Moreover, the fact that Gildon and
Harris had been charged with the same type of offense posed a risk of confusing
or misleading the jury.  Therefore, the trial court did not abuse its
discretion by not allowing Harris to cross-examine Gildon on the specific
offense for which Gildon was indicted.

B.  Did the Trial Court Err by Refusing
to Admit Specific Instances of Conduct by A.P.?

Harris
also argues that the trial court erred by refusing to allow him to impeach A.P.’s
credibility with testimony regarding specific instances of her conduct. In a
voir dire examination, Harris questioned Vickie Lynn Gildon, his mother and
A.P.’s stepmother, about instances when A.P. lied, stole her car, and stole
items from a store.  The trial court ruled that this evidence was inadmissible.

Rule
608(b) prohibits the use of specific instances of conduct to undermine a
witness’s credibility.  While an exception is provided if the conduct shows a
bias or interest on the part of the witness against the defendant, Harris
failed to show how the testimony fits into this exception.  See Billodeau,
277 S.W.3d at 43 (a defendant is, subject to reasonable restrictions, entitled
to show any relevant fact that might tend to establish ill feeling, bias,
motive, interest, or animus on the part of the witness against the defendant). 
Furthermore, Vickie Lynn Gildon and J.T. had already testified that, in their
opinions, A.P. was not an honest person.  The trial court did not abuse its
discretion by refusing to admit evidence of specific instances of conduct. 
Accordingly, Harris’s first issue is overruled.

IV.  Sufficiency of the
Evidence

Harris
next argues that the evidence is legally and factually insufficient to support
his sexual assault conviction.  The Texas Court of Criminal Appeals, however,
recently held that legal sufficiency is the only standard that a reviewing
court should apply.  Brooks v. State, No. PD-0210-09,
2010 WL 3894613, at *1 (Tex. Crim. App. Oct. 6, 2010).  To determine whether
evidence is legally sufficient, we review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307 (1979).  The factfinder is the sole judge of the
credibility of the witnesses and the weight to be given their testimony.  Adelman
v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).

Harris
was convicted of four counts of sexual assault of a child.  Three counts alleged
that Harris intentionally and knowingly caused the penetration of A.P.’s sexual
organ with his sexual organ.  One count alleged that Harris intentionally and
knowingly caused A.P.’s sexual organ to contact his mouth.

A
person commits the offense of sexual assault of a child if he intentionally or
knowingly causes the penetration of the anus or sexual organ of a child by any
means or causes the sexual organ of a child to contact or penetrate the mouth
of another person, including the actor.  Tex.
Penal Code Ann. § 22.011(a)(2)(A), (C) (Vernon Supp. 2010).  A child is
a person younger than seventeen years of age.  Id. § 22.011(c)(1).  A
complainant’s testimony, standing alone, is sufficient to support a conviction for
sexual assault of a child.  See Tex.
Code Crim. Proc. Ann. art. 38.07 (Vernon 2005); Garcia v. State,
563 S.W.2d 925, 928 (Tex. Crim. App. 1978).  

A.P.
was between thirteen and fifteen years old at the time of the alleged sexual
assaults.  She testified in detail about her four encounters with Harris.  She
specifically mentioned three times in which Harris penetrated her vagina with
his penis and one time in which he caused her vagina to contact his mouth. 
Gildon testified that Harris admitted to having had sex with A.P. While Harris
brought forth opinion testimony from J.T. and Vickie Lynn Gildon attacking A.P.’s
credibility, the jury was free to believe or disbelieve all or any part of any
witness’s testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

A
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Therefore, the evidence was legally sufficient to
support Harris’s sexual assault conviction.  Harris’s second issue is
overruled.  

V.  Conclusion

The judgment of
the trial court is affirmed.

                                                                              

            

                                                                                    RICK
STRANGE

                                                                                    JUSTICE

 

December 16,
2010

Do not publish. 
See Tex. R. App. P.
47.2(b).          

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.