02-09-280-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


NO. 02-09-00280-CR

 

 


 
 
 Gerardo Contreras Morales
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

A
jury found Appellant Gerardo Contreras Morales guilty of one count of
aggravated sexual assault of a child and assessed his punishment at ninety
months’ confinement.  The trial court sentenced him accordingly.  In three
issues, Morales argues that the evidence was insufficient to support his
conviction and that the trial co`urt erred by failing to grant his motion for a
mistrial after the State made inflammatory statements during its closing
argument.  We will affirm.

II.  Factual and Procedural
Background

          Morales
was hired to make repairs on a van owned by the Castillo family at their home
on August 27, 2007.  The Castillo children were playing outside while their
mother was inside cooking.  Mr. Castillo left the house to look for an auto
part that Morales needed, and two of the children went inside with their mother,
leaving eight-year-old Y.C. outside alone with Morales.  Mrs. Castillo
testified at trial that Y.C. came into the house “after quite a while” and was
“yellowish and trembling.”  When asked what was wrong, Y.C. did not answer
immediately but then responded that the man outside had touched her, put his
hand through the leg of her shorts, and grabbed her “sandwich” (Y.C.’s term for
the female sexual organ).  Mrs. Castillo instructed her other daughter to call
the police and to stay inside with Y.C. while Mrs. Castillo went outside to
confront Morales.  Mrs. Castillo testified that Morales first denied knowing
what she was talking about, but prior to the police’s arrival, he asked her to
forgive him and to not call the police.  Mrs. Castillo threw Morales’s keys and
cell phone as far as she could in an effort to keep him there until the police
arrived.

          The
police arrived quickly and placed Morales in a patrol car.  Mrs. Castillo took
Y.C. to Cook Children’s Hospital, where she was examined by Dr. Jayme Coffman,
medical director for the CARE Team, the hospital’s child abuse program.  Dr.
Coffman conducted a child sexual assault exam and submitted swabs of Y.C.’s
genital area and Y.C.’s clothing to the Fort Worth Police Crime Lab for DNA
testing.  Y.C.’s clothes and the swabs tested negative for the presence of
semen.  Samples from the swabs and the clothing were submitted to another lab
for more sophisticated testing.  No male DNA was detected on the genital swabs,
but a mixture of male DNA consistent with originating from at least two males
was found on Y.C.’s underwear sample.  Morales could not be excluded as a
contributor to the mixture. 

          Morales
was charged with three counts of aggravated sexual assault of a child.  Counts
one and two were submitted to the jury; count one alleged that Morales
committed aggravated sexual assault of Y.C. by causing her sexual organ to
contact his penis, and count two alleged that he committed aggravated sexual
assault of Y.C. by inserting his finger into her female sexual organ.  The jury
found Morales not guilty of the first count but guilty of the second count.

III. 
Sufficiency of the Evidence

 

In
his first two issues, Morales argues that the evidence is insufficient to
support his conviction for aggravated sexual assault of a child.  See Tex.
Penal Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B) (Vernon Supp. 2010).  Morales’s
two issues complain of the legal and factual sufficiency of the evidence, but
because the court of criminal appeals recently held that there is no meaningful
distinction between the legal sufficiency standard and the factual sufficiency
standard, we analyze Morales’s evidentiary sufficiency arguments under only the
legal sufficiency standard.  See Brooks v. State, 323 S.W.3d 893,
912 (Tex. Crim. App. 2010) (overruling Clewis v. State, 922 S.W.2d 126,
131–32 (Tex. Crim. App. 1996)).  Specifically, Morales argues
that
the evidence is insufficient because of the lack of DNA evidence linking him to
the offense, the presence of DNA of other male contributors, the lack of
physical trauma to Y.C., and the existence of defensive evidence showing that
it was physically impossible for him to have stood outside his van and penetrated
Y.C.’s female sexual organ in accordance with her testimony at trial.

A.  Standard
of Review

In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the prosecution to determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007).

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.  Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  The trier of fact
is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009). 
Thus, when performing an evidentiary sufficiency review, we may not re-evaluate
the weight and credibility of the evidence and substitute our judgment for that
of the factfinder.  Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim.
App. 2007).  Instead, we Adetermine whether the
necessary inferences are reasonable based upon the combined and cumulative
force of all the evidence when viewed in the light most favorable to the
verdict.@  Hooper
v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).  We must presume that
the factfinder resolved any conflicting inferences in favor of the prosecution
and defer to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at
2793; Clayton, 235 S.W.3d at 778.

B.  Sufficient
Evidence of Aggravated Sexual Assault of a Child

A
person commits aggravated sexual assault of a child if he intentionally or
knowingly causes the penetration, by any means, of the anus or sexual organ of
a child younger than fourteen years.  See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i),
(a)(2)(B).  Morales was convicted of aggravated sexual assault by causing the
penetration of Y.C.’s sexual organ with his finger.

At
trial, Y.C. testified that one afternoon when she was eight years old, she was
playing hide-and-seek with her sister when she hid inside her mother’s van.  Y.C.
saw Morales standing in the open doorway of the van, and he told her to lie
down on the backseat.  When Y.C. complied, Morales began touching her “private
part” with his hand.  He pulled the leg of her shorts aside, put his hand up
through the leg of her shorts, and put his finger inside her “private part.”  Y.C.
testified that he “opened it and then he started touching [her] and then he
went a little bit more and then he started touching the very middle.”  Morales
then told Y.C. to get up, and when she did, he unzipped his pants and “got his
penis and put [it] inside [her] private part.”  When he “started to go up and
down,” Y.C. said she heard her mom calling her from inside and ran inside to
her mom.

Y.C.’s
testimony alone constitutes legally sufficient evidence to support Morales’s
conviction for aggravated sexual assault of a child by inserting his finger
into her female sexual organ.  See, e.g., Garcia v. State, 563
S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978) (noting that testimony of
victim alone is sufficient evidence to support conviction for sexual assault);
West v. State, 121 S.W.3d 95, 111 (Tex. App.—Fort Worth 2003, pet. ref’d)
(same).  Additionally, Mrs. Castillo corroborated her daughter’s testimony.  Mrs.
Castillo testified that when she asked Y.C. what had happened, Y.C. responded,
“The man, Mom, the man tried to do something bad to me.”  When asked what he
did, Y.C. said, “He put his hand in my shorts.  He grabbed my sandwich.”  Mrs.
Castillo testified that “sandwich” is the term Y.C. uses to refer to the female
sexual organ.  Mrs. Castillo also testified that when she confronted Morales, he
asked for her forgiveness.

Morales
points to the lack of DNA evidence affirmatively linking him to the sexual
assault,
the
presence of multiple male contributors of the DNA found on Y.C.’s underwear,
and the lack of physical injury or trauma to Y.C. to support his argument.  DNA
testing on Y.C.’s underwear revealed the presence of at least two male
contributors of DNA, and Morales could not be excluded as a contributor.  Forensic
scientist Elise Watts testified that DNA can be transferred to an item of
clothing merely by folding and stacking the laundry of several individuals together
and that this could account for the presence of multiple contributors on Y.C.’s
clothing.  Watts further testified that it was not unusual in child sexual
assault cases for DNA to not be left behind, especially when there is no report
of ejaculation.  Additionally, according to Dr. Coffman, the lack of evidence
of trauma to Y.C. was consistent with Y.C.’s description of the assault, and it
is not unusual in child sexual assault cases to see no evidence of physical
trauma to the child because penetration is typically of the labia and not of
the vagina.  Dr. Coffman also testified that digital or even penile contact
with the labia does not usually cause tears or cuts but may cause temporary
redness that goes away quickly.  The evidence is not rendered insufficient due
to the lack of physical evidence affirmatively linking Morales to the assault
and the lack of physical injury or trauma to Y.C.; physical evidence is not
necessary to corraborate a sexual assault victim’s testimony.  See Garcia,
563 S.W.2d at 928.

Additionally,
Morales points to defense evidence at trial that it was physically impossible
for him to have penetrated Y.C.’s vagina with his penis while he was standing
outside of the van in accordance with Y.C.’s testimony.  Although the jury
acquitted him of sexual assault by penetrating Y.C.’s sexual organ with his
sexual organ, Morales argues that his acquittal on this count reflects on Y.C.’s
lack of credibility and makes the evidence upon which he was convicted less
convincing.  However, we may not re-evaluate the weight and credibility
of the evidence and substitute our judgment for that of the factfinder.  See
Williams, 235 S.W.3d at 750.

Viewing
the evidence in the light most favorable to the verdict, we hold that a
rational trier of fact could have found beyond a reasonable doubt that Morales
committed aggravated sexual assault of Y.C. by inserting
his finger into her female sexual organ.  Consequently, we hold that the
evidence is sufficient to support Morales’s conviction, and we overrule his
first and second issues.  See Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.

IV.  Denial of Mistrial

In
his third issue, Morales argues that the trial court erred by not granting his
motion for a mistrial for inflammatory argument by the State.  Specifically,
Morales complains of two statements made by the prosecutor—one that Y.C. had
gone through two years of counseling and another that Y.C.’s family had “done
everything right.”  Morales argues that the first statement was outside the
record and that the second statement did not fall within one of the four
primary purposes of jury argument.  The trial court neither sustained nor
overruled Morales’s objection to the first statement, but the court instructed
the jury to disregard it.  The trial court sustained Morales’s objection to the
second statement and instructed the jury to disregard the prosecutor’s statement.
Morales’s subsequent request for a mistrial was denied. 

A. 
Standard of Review and Law on Permissible Areas of Jury Argument

          To
be permissible, the State’s jury argument must fall within one of the following
four general areas:  (1) summation
of the evidence; (2) reasonable deduction from the evidence;
(3) answer to argument of opposing counsel; or (4) plea for law
enforcement.  Felder v. State, 848 S.W.2d 85, 94–95 (Tex. Crim. App.
1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. State, 493
S.W.2d 230, 231 (Tex. Crim. App. 1973).  When a trial court sustains an
objection and instructs the jury to disregard but denies a defendant’s motion
for a mistrial, the issue is whether the trial court abused its discretion by
denying the mistrial.  Hawkins v. State, 135 S.W.3d 72, 76–77 (Tex.
Crim. App. 2004).

B.  Arguments
Were Permissible

Morales
argues that the State’s comment that Y.C. had undergone two years of counseling
since the time of the offense was improper because it was outside of the
record.  But the State’s comment merely referenced Mrs. Castillo’s earlier testimony
that Cook Children’s Hospital referred her to a counselor, that she took Y.C.
to counseling, and that Y.C. was still in counseling at the time of the trial, which
was approximately two years after the date of the offense.  Thus, the statement
was proper as a summation of the evidence.  See Felder, 848 S.W.2d at 94–95;
Alejandro, 493 S.W.2d at 231.

Morales
argues that the second complained-of statement—that the family had “done
everything right”—was improper because it did not fall within the primary
purposes of argument.  In the defense’s closing argument, defense counsel
argued that the jury should find Morales not guilty because there was no
physical evidence to corroborate Y.C.’s story and because the police did not
find the type of evidence one would expect to find under the circumstances.  During
its rebuttal closing argument, the State argued that Y.C. did exactly what our
society encourages children to do when someone does something bad to them—tell
somebody.  The State continued, 

And all this talk
about no trauma.  What did Dr. [Coffman] tell you?  Only in five percent of
documented sexual abuse cases are there physical findings.  Five percent.  That
means that we’re going to have to use our brains and examine the testimony of
the child before we just get up and say, you know what, if you don’t have
trauma, if you didn’t happen to get some DNA of his on you, he’s going to walk.

 

That’s not the way it
should work in this society.  That’s not what we want to happen when we bring
our kids to the police department with our child saying they were abused. Is
that what we want?  Do we want [the] police to just come to you and say, you
know what, if you don’t have any DNA, there’s nothing we can do for you.

 

          This family
has been here since the beginning.  And they have supported her and they have
been with her every step of the way.  They have done everything right.

 

Viewing
the argument in context, we hold that the State’s argument that the family had
done everything right was a proper answer to defense counsel’s argument.  See
Felder, 848 S.W.2d at 94–95; Alejandro, 493 S.W.2d at 231.  Moreover,
the State made the complained-of comment in the context of arguing that
defendants should be held accountable even in the absence of DNA evidence
affirmatively linking them to the offense.  We hold that the argument was also
a proper plea for law enforcement.  See Felder, 848 S.W.2d at 94–95;
Alejandro, 493 S.W.2d at 231.

Because
both complained-of arguments were proper as a summation of the evidence, an
answer to defense counsel’s argument, or a plea for law enforcement, we hold
that the trial court did not abuse its discretion by denying Morales’s motion
for a mistrial.  See Hawkins, 135 S.W.3d at 76–77.  We overrule
Morales’s third issue.

V.
Conclusion

          Having
overruled Morales’s three issues, we affirm the trial court’s judgment.  

 

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 7, 2011









[1]See Tex. R. App. P. 47.4.