NO. 07-11-0423-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 31, 2012

LATTHEN CHANCE DOUGLAS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 21,590-B; HONORABLE JOHN B. BOARD, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Latthen Chance Douglas was convicted of aggravated sexual assault of a child. In seeking to overturn that conviction, he 1) challenges the legal and factual sufficiency of the evidence, 2) claims the trial court erred in allowing the sexual assault nurse examiner to testify beyond her qualifications, and 3) claims he was denied effective assistance of counsel. We affirm the judgment.

*Issues 1 and 2 - Sufficiency of the Evidence*

We review the legal and factual sufficiency of the evidence under the same standard as discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). Furthermore, appellant was tried for two counts of aggravated sexual assault. Through the first, the State alleged that appellant penetrated the child's sexual organ with his sexual organ. Through the second, it alleged that he penetrated her sexual organ with his hand, or digitally. The jury acquitted appellant of the former but convicted him of the latter. Now appellant claims that "the uncorroborated testimony of an admitted liar"[1] was insufficient evidence to support the conviction. We overrule the issue.

The child victim testified that while appellant was bathing her, he "put his finger in [her] private." When told to stop by the child, he ignored her. Instead, he stated that she "had to wash [her] body good." The testimony of the child complainant alone is sufficient to sustain the conviction. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2011); *Garcia v. State,* 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); *Glockzin v. State,* 220 S.W.3d 140, 147 (Tex. App.–Waco 2007, pet. ref'd). To that testimony, we add the testimony from other witnesses to the effect that appellant removed the witnesses from the bathroom before he began to wash the child and locked the bathroom doors so no one could enter. The foregoing constituted some evidence upon which a rational jury could find, beyond reasonable doubt, that appellant penetrated the child's sexual organ with his hand. And, while there was conflicting testimony and appellant attacked the

---

[1]The child testified at trial that she did not report these incidents immediately because she was scared her mother would not believe her "because [she] used to lie and steal a lot." The child was ten years old at the time of trial.

2

credibility of the complainant, we defer to the jury's resolution of those matters. *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

*Issue 3 – Testimony of Nurse*

Next, appellant questions the trial court's decision to allow the sexual assault nurse examiner to reveal findings from a study to the effect that a child's vagina could reveal no signs of penetration and appear normal despite the child having engaged in sexual intercourse.   This was purportedly error because the witness was not a pediatrician and lacked the qualifications to discuss the article.[2]  We overrule the issue.

Before alluding to the study's findings, the nurse had testified that 1) the absence of any trauma to a child's vagina despite it having been penetrated sexually did not mean no penetration occurred, and 2) "[t]ypically in children it's not very common" to have "positive traumatic findings" in a child who has been sexually assaulted.  The same witness also explained why that was so by describing the physiology of that portion of a female's anatomy and the effect of estrogen on it.   No one objected to any of that testimony.  Nor did anyone contend that the witness was unqualified to utter those comments.  Thus, the substance of the study admitted into evidence was no different than the testimony previously uttered by the nurse.  Given that, the decision to allow the nurse to reveal the study's findings was rendered harmless.  *Coble v. State,* 330 S.W.3d 253, 282 (Tex. Crim. App. 2010), *cert. denied,* __U.S.__, 131 S.Ct. 3030, 180 L.Ed.2d 846 (2011) (stating that inadmissible evidence may be rendered harmless if the same evidence is admitted elsewhere without objection).

---

[2]To the extent that appellant complains of the reliability of the study, that complaint does not comport with the objections made at trial and has not been preserved.  *Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004).

*Issue 4 – Ineffective Assistance of Counsel*

Finally, appellant contends that he received ineffective assistance of counsel when his trial counsel opened the door to the admission of evidence previously ruled inadmissible. We overrule the issue for the sole reason that nothing of record illustrates the reasoning underlying counsel's actions. Nor does anything of record indicate that either trial counsel or the prosecutor had opportunity to explain why counsel did what he did. Therefore, we cannot deem his performance inadequate given the tenor of the record before us. *See Menefield v. State,* No. PD-1161-11, 2012 Tex. Crim. App. LEXIS 570 (Tex. Crim. App. April 18, 2012). And, that there may be no justifiable reason supporting counsel's conduct is of no import at this time. *See id.* at *5-6 (concurring opinion) (questioning the majority for reversing without addressing the intermediate appellate court's conclusion that no reason could justify counsel's inaction).

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.

4