NO. 07-12-0229-CR
NO. 07-12-0230-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 7, 2013
_____

ANTWAN DELEON,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NOS. 61,933-E & 61,934-E; HON. DOUGLAS R. WOODBURN, PRESIDING
_____

***MEMORANDUM OPINION***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ

Antwan Deleon (appellant) appeals his convictions for aggravated sexual assault of a child. Through a single issue, appellant contends the evidence is insufficient to support both convictions. We affirm.

***Background***

The victim, A.L., testified that her stepfather, appellant, had inappropriately touched her private parts while they lived in San Antonio. She further testified that

private places are places on your body where only you or a doctor should only look at or touch. She also referred to her private parts as "front part and your back." She agreed with the prosecutor that the front part was where one would go to the bathroom and she stated that the back was called the "butt." She testified to a sexual assault while the family was living in San Antonio when her mother was at work and everyone else was asleep in the house. She described the act by stating appellant put his "front part . . . and he put it in my front part." She clarified that appellant's "front part" was his "privates" and where he went to the bathroom. He further told her not to tell her mom.

The family later returned to Amarillo and lived in a motel for a short period of time. After her mother had gone to work one day, appellant returned to the motel room and moved A.L. from the bed she was sharing with her siblings to the other bed which was now empty. She testified that he placed his hand over her mouth and took off her pants. According to A.L., "he put his front part in mine." She again clarified as the front part being her private part and where she went to the bathroom. Later, she agreed with the prosecutor that appellant had put his penis inside her privates. After he was finished, he threw her clothes to her and told her to get ready for school. This occurred the following day in the same manner.

Subsequently, the family moved to Canyon, Texas, and an incident occurred between A.L. and a male child at her school. Her parents were called. Appellant told A.L. to tell the little boy not to worry because appellant had gotten to her first. Appellant also told her she was a whore. After the incident at the school, A.L.'s mother asked her if appellant had ever done anything to her. A.L. told her that he had touched her. She was then taken to the sheriff's office to make a report and later to the Bridge where she

2

was interviewed. While at the Bridge, A.L. disclosed the events involving appellant in San Antonio and at the motel in Amarillo.

On cross-examination, A.L. admitted that she did not like appellant from the time he and her mom had met. This was so because she believed he was taking her father's place. She hoped that her mother would leave appellant and that she hated it when they got married. She never talked to anyone in San Antonio about the sexual assault that had occurred there. She also admitted to once falsely accusing her uncle of inappropriate touching.

April Lemming, an interviewer at the Bridge, testified that A.L. disclosed that she had been sexually abused in San Antonio and then again in Amarillo. Regarding the episode in Amarillo, A.L. told Lemming:

> [H]e had come to her bed and taken her from her bed to his bed. That he had put his hand over her mouth. Took her to his bed. And then she used the words, he put it in me. And when I asked her further what she meant when – put it, she indicated that it was his middle part, and that he put his middle part in her middle part. She said that she was laying on her back and that he was on his knees. And then she also said that when he was finished, he told her to go wake up the other kids and get ready for school.

Louise Wade, a sexual assault nurse examiner at Northwest Texas Hospital, testified that the following was the history told her by A.L.:

> Patient states: My step dad, [appellant], he put his thing, she points to genital area, in my middle part, points to female sexual organ. It happened three times. It was in August and November. He put his middle part in my mouth and my behind, too. She points to anal area. My mom was at work. We were all asleep and he came in and lifted up my shirt and put his mouth on my chest. That's when he put his thing in my mouth. The first time he put his thing in my middle, he told me it was going to hurt and it did. I told him to leave me alone and he got all mad. He said if I told, he would make sure I lose my mom and all of my family.

3

Wade testified she performed a physical examination of the child and found there had been penetration to her female sexual organ. The jury convicted appellant of both charges and assessed punishment at life in prison.

### *Issue – Sufficiency of Evidence*

Appellant contends the evidence is insufficient to support his convictions because it fails to show that there was penetration of A.L.'s sexual organ. This is so because, according to appellant, A.L.'s description of the act is vague and does not support a finding that there was penetration of her sexual organ. We disagree and overrule the issue.

We review the legal and factual sufficiency of the evidence under the same standard as discussed in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). Furthermore, appellant was tried for two charges of aggravated sexual assault. Through both indictments, the State alleged that appellant penetrated the child's sexual organ with his sexual organ.

The testimony of the child complainant alone is sufficient to sustain the conviction. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2012); *Garcia v. State,* 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); *Glockzin v. State,* 220 S.W.3d 140, 147 (Tex. App.–Waco 2007, pet. ref'd). From the evidence discussed under the portion of our opinion labeled "Background," the jury had ample testimony before it to rationally infer, beyond reasonable doubt, that the victim's reference to her "front" part, "private" part and "middle" part meant her vagina and to his "front," "private," and "middle" parts meant his penis. To that we add the child's testimony that appellant moved back and forth while on top of her and that when he first placed his private part in her, it hurt.

4

Consequently, we conclude that legally sufficient evidence appeared of record to enable the jury to determine that appellant not only penetrated the victim's vagina with his penis but also that he twice committed aggravated sexual assault of a child.

The judgments are affirmed.

Per Curiam

Do not publish.