Opinion filed September 11, 2014



## In The

# Eleventh Court of Appeals

_____

## No. 11-13-00170-CR

_____

## DERRICK J. MCLAUGHLIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Cause No. CR40810**

## M E M O R A N D U M   O P I N I O N

The jury convicted Derrick J. McLaughlin of burglary of a habitation.[1] The jury assessed Appellant's punishment at confinement for thirteen years and a fine of $10,000. Appellant asserts that the evidence was insufficient to support his conviction. We affirm.

---

[1]TEX. PENAL CODE ANN. § 30.02 (West 2011).

## I. *The Charged Offense*

Appellant was charged by indictment with the offense of burglary of a habitation.[2]  The indictment alleged that, on or about August 10, 2012, Appellant either (1) entered the habitation of the victim,[3] without her consent, with the intent to commit the felony offense of sexual assault or (2) entered the habitation of the victim, without her consent, and intentionally and knowingly attempted to commit and committed the offense of sexual assault.

A person commits the offense of burglary if he, without the effective consent of the owner:

> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or

> (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or

> (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

PENAL § 30.02(a).  The offense of burglary is a first-degree felony if the premises is a habitation and any party to the offense entered the habitation with intent to commit a felony other than felony theft or committed or attempted to commit a felony other than felony theft.  *Id.* § 30.02(d).

## II. *Evidence at Trial*

The victim testified that, on the morning of August 10, 2012, she was asleep in her house when she heard a male voice call her by name and say, "[W]ake up." After she turned over, the victim recognized the man as her neighbor from across the street, Appellant.

---

[2]We note that Appellant was also charged with the lesser included offense of sexual assault: a charge that the jury did not reach because it found Appellant guilty of the greater offense.

[3] The victim's name has been omitted; we, instead, refer to her as the "victim."

Appellant was seated on the edge of the bed, and except for his gold-rimmed glasses, he was naked. Appellant told the victim that he found the door open and came inside to check on her. The victim informed Appellant that she did not need any help and asked him to leave. Appellant did not leave but, instead, got on top of the victim and straddled her for several minutes.

Appellant then penetrated the victim's vagina with his penis and proceeded to make thrusting movements while the victim attempted to push him off her. When the victim asked Appellant how his family would feel about his behavior, Appellant finally stopped and said, "I'm sorry . . . I didn't mean to - - this was a mistake. . . . I shouldn't have done it." As Appellant dressed, he asked the victim not to call the police.

The victim called the police that afternoon. Officer Jordan Pankratz of the Midland Police Department (MPD) testified that, on August 10, 2012, he was dispatched to the victim's house to investigate her sexual assault report. After Officer Pankratz arrived at the house, the victim identified her assailant as her neighbor from across the street. The victim could not remember her neighbor's name but stated that it started with the letter "D."

A sexual assault nurse examiner, Donna Doyle, testified that she performed a sexual assault examination on the victim on August 10, 2012. Doyle recalled that the victim told her that Appellant had penetrated her without her consent. Doyle stated that the results of the victim's exam showed redness and abrasions on her labia minora and cervix, which indicated penetration within the three days preceding the exam. Doyle also noted that she took swabs from the victim's vagina and gave the swabs to an MPD officer.

MPD Detective Gregory Spencer testified that he interviewed Appellant on August 10, 2012, and on November 5, 2012. A video recording of the interview conducted on November 5, 2012, was shown to the jury. In the video, Appellant

3

denied being in the victim's house on August 10, 2012, and denied ever having sex with her.

A forensic scientist, Amber Miller, testified that she did a biological screen on the vaginal swabs taken from the victim during her sexual assault examination. Miller noted that the results of the screen showed sperm in the vaginal swabs.

David Young, an expert on DNA comparisons, testified that he performed a DNA analysis on the sperm found on the vaginal swabs. Young explained that the results of the analysis showed that the sperm contained a DNA profile consistent with Appellant's DNA. Young stated, with reasonable certainty, that Appellant was the source of the DNA found on the vaginal swabs.

### III. *Issue Presented*

Appellant contends in a single issue that the evidence was legally and factually insufficient to sustain his conviction for burglary of a habitation.

### IV. *Standard of Review*

We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or a factual sufficiency claim, under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under that standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

### V. *Analysis*

Appellant contends that the evidence was legally and factually insufficient to sustain his conviction for burglary of a habitation. Paragraph Two of the

4

indictment alleged that Appellant committed the offense of burglary of a habitation by entering the victim's habitation, without her consent, and attempting to commit and committing sexual assault. *See* PENAL § 30.02(a)(3); *see also Martinez v. State*, 269 S.W.3d 777, 782–83 (Tex. App.—Austin 2008, no pet.). Sexual assault is committed when a person intentionally or knowingly causes the penetration of the sexual organ of another person, without that person's consent, by any means. PENAL § 22.011(a)(1)(A); *Murphy v. State*, 4 S.W.3d 926, 929 (Tex. App.—Waco 1999, pet. ref'd).

The victim clearly identified Appellant as her assailant. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (finding that a victim's testimony is sufficient to support a conviction for sexual assault). The victim testified that Appellant entered her house and that she did not give him consent to enter her house. The victim also stated that, without her consent, Appellant then penetrated her vagina with his penis.

DNA evidence corroborated the victim's testimony. *See Williams v. State*, 848 S.W.2d 915, 916–17 (Tex. App.—Texarkana 1993, no pet.) (finding that, in the case of an alleged sexual assault, the identity of the assailant may be proven by DNA evidence alone). Analysis performed on the sperm found on the vaginal swabs taken during the victim's sexual assault examination showed a DNA profile consistent with Appellant's DNA.

Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt and that the evidence was sufficient to support the jury's verdict that Appellant committed the offense of burglary of a habitation. We overrule Appellant's single issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

September 11, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.