# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-11-00640-CR
---

Alan Joseph Mury, Appellant

v.

The State of Texas, Appellee

---
### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 66166, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Alan Joseph Mury guilty of aggravated sexual assault of a victim who was younger than fourteen years of age. *See* Tex. Penal Code § 22.021(a)(2)(B). The jury assessed punishment at twelve years' imprisonment. On appeal, Mury asserts that (1) the trial court erred in excluding his daughter's recorded statement to a police officer on the night of the alleged assault and (2) the evidence is insufficient to support his conviction. We affirm the judgment of the trial court.

## BACKGROUND

M.H., the complaining witness in this case, was ten years old at the time of this alleged assault.[1] During that time, M.H. lived with her siblings, her mother Kari, Mury, and E.S.,

---

[1] In order to protect their identities, we refer to all minor children by their initials and the complaining witness's mother by her first name.

Mury's eight-year-old daughter, in Mury's sister's home. M.H. and E.S. shared a room and slept in the same bed. According to M.H., she and E.S. went to bed at around 10:30 p.m. on the night of the alleged assault. M.H. testified that after E.S. had fallen asleep, Mury entered the room, began kissing her leg, and then "pulled my pant leg up and stuck his finger into my private part." This lasted for approximately ten to twenty seconds, but when M.H. began to move Mury removed his hand and left the room.

M.H. explained that she waited in her room for a few minutes and then went into the living room and asked Mury where her mother was. Mury told her that Kari had gone to a nearby gas station. M.H. went into her mother's room to wait for her to return, but Mury entered the room and tried to convince M.H. that she did not need to tell anybody about what had happened because "it's just going to start a bunch of fights." M.H. testified that she "shook [her] head no" and went to the front porch, but Mury followed her again and asked her if she needed to take a shower. At that point, even though it was cold outside and M.H. was in her pajamas without shoes, she began running toward the gas station.

Kari was driving her car back home when she saw M.H. running in the street approximately half way to the gas station. Kari testified that when she pulled over, M.H. was "hyperventilating" and crying, and that when she asked M.H. what was wrong, M.H. told her that Mury had touched her. Kari then sped back to the home, told M.H. to go to their neighbor's house and call the police, and retrieved her other children from the home.

Officers with the Temple Police Department arrived on the scene and recommended that Kari take M.H. to a nearby hospital for a sexual assault exam, which Kari did. Medical

2

professionals obtained DNA swabs from M.H.'s leg and genital area. The DNA swabs were compared to a sample voluntarily provided by Mury. The State's expert testified that although she was able to obtain only a partial DNA profile from M.H.'s leg swab, Mury could not be excluded as the source of that DNA, and the likelihood that the DNA was from a Caucasian male other than Mury was 1 in 798,700 quadrillion and even more remote for males in other ethnic groups.

After Kari and her children left the scene, police officers continued speaking to Mury and others, including E.S. Officer Ken Johnson testified that during his conversation with E.S.—which was recorded by the audio recorder in his police vehicle—E.S. was difficult to understand, she had just woken up, and she seemed tired. E.S. told Officer Johnson that Mury had come into the bedroom "a long time ago" when both she and M.H. were awake, but that he never entered the room after that.

Mury was indicted for aggravated sexual assault by causing the penetration of M.H.'s female sexual organ with his finger. *See id.* § 22.021(a)(1)(B)(i), (2)(B) (making penetration of sexual organ of victim who is younger than fourteen years of age an aggravated sexual assault). At trial, Mury's counsel moved, against the State's objection, to introduce the audio recording of E.S.'s statements to Officer Johnson. The trial court sustained the State's objection and refused to admit the audio recording, but allowed Officer Johnson to testify about his conversation with E.S. M.H., Kari, and various other witnesses testified to the facts outlined above. The jury found Mury guilty of aggravated assault and assessed punishment at twelve years' imprisonment. The trial court entered a judgment of conviction that was consistent with the jury's verdict. This appeal followed.

3

**DISCUSSION**

Mury raises two issues on appeal. First, he asserts that the trial court erred in excluding the audio recording of E.S.'s statements to Officer Johnson on the night of the alleged assault. Second, Mury claims that the evidence is insufficient to support his conviction. We address each appellate issue separately.

**Exclusion of audio recording**

In his first issue on appeal, Mury asserts that the trial court erred in refusing to admit an audio recording of E.S.'s statements to police on the night of the assault. Specifically, Mury contends that the statement, although hearsay, was admissible because E.S. could no longer remember what happened on the night of the assault, and thus the statement qualified as a past recollection recorded.[2] *See* Tex. R. Evid. 803(5). Alternatively, Mury argues that E.S.'s statement was admissible as a prior inconsistent statement. *See id.* 613(a).

We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *See Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). We will uphold a trial court's ruling

---

[2] The State also asserts that the recording was inadmissible because Mury's "self-serving" statements about his innocence can be heard in the background of the recording, and those statements are inadmissible hearsay. Mury argues that these statements fall within a hearsay exception or, alternatively, the trial court could have given a limiting instruction to disregard those statements that could not be edited out. Because we ultimately conclude that the trial court did not abuse its discretion in excluding the recording because E.S.'s statements were inadmissible hearsay, we need not reach this issue. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005) (noting trial court's evidentiary ruling will be upheld if correct on any legal theory).

if it is supported by the record and is correct under any theory of applicable law. *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005).

Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). Generally, a hearsay statement is not admissible unless the statement falls within a recognized exception to the hearsay rule. *See Pena v. State*, 353 S.W.3d 797, 814 (Tex. Crim. App. 2011). Mury argues that although E.S.'s recorded statements are hearsay, they fall within two specific exceptions to the hearsay rule, and thus the trial court abused its discretion in refusing to admit the statements.

First, Mury asserts that E.S.'s statements were admissible as a past recollection recorded under rule 803(5) of the Rules of Evidence. The following four elements must be satisfied for a statement to qualify as a past recollection recorded:

> (1) the witness must have had firsthand knowledge of the event,
>
> (2) the written [or recorded] statement must be an original memorandum made at or near the time of the event while the witness had a clear and accurate memory of it,
>
> (3) the witness must lack a present recollection of the event, and
>
> (4) the witness must vouch for the accuracy of the written [or recorded] memorandum.

*Johnson v. State*, 967 S.W.2d 410, 416 (Tex. Crim. App. 1998). With respect to the fourth element, the witness may vouch for the accuracy of a recorded recollection if she testifies "that she presently remembers recording the fact correctly." *Id.* Furthermore, even if the witness cannot remember giving the statement, the statement may still be admissible if the witness testifies that "she knows

5

the memorandum is correct because of [her] habit or practice to record matters accurately." *Id.* "At the extreme, it is even sufficient if the individual testifies to recognizing her signature on the statement and believes the statement is correct because she would not have signed it if she had not believed it true at the time." *Id.* In this case, however, E.S.'s testimony about the accuracy of her recorded statement does not rise even to that level. *See id.*

At trial, E.S. testified that she could not remember anything from the day of the alleged assault, including her conversation with Officer Johnson. She stated that she tells the truth when people ask her questions and, therefore, she would have told the truth to a police officer. However, there is nothing in the record to indicate that E.S. knew she was being recorded at the time she made the statement or that she subsequently verified the accuracy of her statement while she could still recall the relevant events. Without more, the trial court could have reasonably determined that E.S.'s statement that she generally tells the truth when people ask her questions was not sufficient to demonstrate that she vouched for the accuracy of her recorded statement. Thus, the trial court could have reasonably concluded that Mury failed to lay sufficient predicate to demonstrate that E.S.'s previous statement was admissible as a past recollection recorded.

In the alternative, Mury argues that E.S.'s statement was admissible as a prior inconsistent statement under rule 613(a) of the Rules of Evidence. Generally, a witness's prior statement may be admitted as a prior inconsistent statement when the witness subsequently testifies that she cannot remember making the statement. *See Ruth v. State*, 167 S.W.3d 560, 566 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). However, "[a] party may not call a witness it knows to be hostile for the primary purpose of eliciting otherwise inadmissible impeachment testimony,

6

employing such a device as a subterfuge to avoid the hearsay rule." *Arrick v. State*, 107 S.W.3d 710, 722 (Tex. App.—Austin 2003, pet. ref'd) (citing *Hughes v. State*, 4 S.W.3d 1, 5 (Tex. Crim. App. 1999)). Thus, a party cannot call a witness whom it knows will not remember her previous statement, then attempt to introduce the witness's otherwise inadmissible hearsay statement under the guise of rule 613(a). *See id.*

In this case, E.S.'s only testimony was that she lived at the home where the assault allegedly occurred and that she could not remember anything from the night of the alleged assault. E.S. was not asked, nor did she testify about, any other fact relevant to this case. The trial court could have reasonably determined that Mury offered E.S.'s testimony for the primary purpose of eliciting her recorded conversation with Officer Johnson, which was otherwise inadmissible hearsay. Therefore, the record supports the trial court's conclusion that E.S.'s prior statements were not admissible under rule 613(a). *See id.* Based on this record, we cannot conclude that the trial court abused its discretion in refusing to admit E.S.'s hearsay statements to Officer Johnson under either rule 613(a) or rule 803(5) of the Rules of Evidence.

Furthermore, even if the trial court did abuse its discretion in excluding the recording of E.S.'s statement to Officer Johnson, we would nevertheless conclude that such error was harmless. Generally, evidentiary rulings do not affect a defendant's substantial rights and, thus, are subject to a non-constitutional harm analysis. *See Potier v. State*, 68 S.W.3d 657, 662–63 (Tex. Crim. App. 2002). Therefore, any error in excluding evidence will not support reversal if, upon reviewing the record as a whole, we are confident that the exclusion did not influence the jury, "or had but slight effect." *See Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

7

In this case, Officer Johnson testified about what E.S. told him on the night of the alleged assault. Thus, the recording of E.S.'s statements would have been repetitive of other evidence admitted at trial. *See Mosley v. State*, 983 S.W.3d 249, 258 (Tex. Crim. App. 1998) (op. on reh'g) (concluding that "the admission of evidence similar to what the appellant wished to offer may, under certain circumstances, mitigate against the harm he would have otherwise suffered" from the improper exclusion of appellant's evidence). Therefore, we conclude that any error in excluding E.S.'s recorded statements to Officer Johnson was harmless. We overrule Mury's first appellate issue.

**Sufficiency of the evidence**

In his second issue on appeal, Mury asserts that the evidence is insufficient to support his conviction. Specifically, Mury argues that the record indicates that M.H. was not credible and that the DNA recovered from M.H.'s sexual assault exam could have transferred to M.H.'s body through innocent circumstances.[3] Given that the State's case relied heavily on M.H.'s testimony and the DNA evidence, Mury claims that the evidence is too weak to support his conviction.

In reviewing the sufficiency of the evidence to support a conviction, we determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). In making this determination, we consider all evidence that the trier of fact was permitted to consider, regardless of whether it was rightly or wrongly admitted. *Clayton v. State*, 235 S.W.3d 772, 778

---

[3] At trial, Mury elicited testimony that the pajamas M.H. was wearing on the night of the alleged assault had been previously worn by Kari while Kari and Mury engaged in sexual intercourse. Thus, according to Mury, his DNA could have been on the pajamas and subsequently transferred to M.H. while she was wearing them.

(Tex. Crim. App. 2007); *Allen v. State*, 249 S.W.3d 680, 688–89 (Tex. App.—Austin 2008, no pet.). We view this evidence in the light most favorable to the verdict. *Clayton*, 235 S.W.3d at 778. The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Id.* Therefore, we presume that the jury resolved any conflicting inferences and issues of credibility in favor of its verdict. *Id.*

In this case, M.H. testified that at the time of the alleged assault she was ten years old. She further testified that on the night of the assault, Mury entered her room, began kissing her leg, and then "pulled my pant leg up and stuck his finger into my private part." This testimony alone is sufficient to support the jury's conclusion that Mury committed the alleged assault. *See* Tex. Code Crim. Proc. art. 38.07(b)(1) (stating that testimony of sexual-assault victim who was younger than seventeen at time of assault is sufficient to support conviction); Tex. Penal Code § 22.021(a)(1)(B)(i), (2)(B) (defining aggravated assault of child younger than fourteen years of age); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (holding that victim's testimony, standing alone, is sufficient evidence of penetration); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd) ("The testimony of the child victim alone is sufficient to support a conviction for sexual assault.").

Given that the jury convicted Mury of the offense alleged, we presume that the jury found M.H. credible. *See Clayton*, 235 S.W.3d at 778. We defer to the jury's determinations of credibility. *Id.* Therefore, Mury's complaint that M.H. was not a credible witness leaves us with nothing to review. We conclude that the evidence is sufficient to support Mury's conviction. We overrule Mury's second appellate issue.

9

## CONCLUSION

Having overruled Mury's two issues on appeal, we affirm the judgment of conviction.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed:   October 11, 2013